## TEXAS LIQUOR CONTROL BOARD v. JONES.

### No. 5416.

Court of Civil Appeals of Texas. Texarkana.

Nov. 18, 1937.

228

Wm. McCraw, Atty. Gen., and Joe Sharp, Sam Lane, and Leon O. Moses, Asst. Attys. Gen., for appellant.

R. L. Whitehead, of Longview, for appellee.

WILLIAMS, Justice.

The Texas Liquor Control Board, after notice in due form had been given and after hearing, entered an order dated September 8, 1937, canceling the license of appellee, K. W. Jones (Oasis Bar), which had theretofore been issued to him by the tax collector of Gregg county to retail beer and wine of not more than fourteen per cent alcoholic content by volume for consumption on the premises where sold.

Appellee filed his petition in the district court seeking a trial de novo on the order of the board canceling this permit or license under section 14 of article 1 of the Texas Liquor Control Act, as amended, article 666—14, Vernon's Ann.P.C. Appellee alleged he was aggrieved by the order of the board canceling his license, in that its action was unwarranted and unauthorized; that no sufficient legal testimony was offered showing a violation of any of the provisions of the Texas Liquor Control Act, and alleged that on the contrary this plaintiff (appellee) introduced testimony before said board which clearly showed he was not guilty of violating any of the provisions of the act so charged. Appellant (the board) answered setting up the facts on which it canceled the permit; pleaded as well as introduced the order of the board canceling appellee's license. This order and answer charged appellee with numerous violations under section 3(a, c) of article 1 of the Liquor Control Act, as amended, Vernon's Ann.P.C. art. 666—3 (a, c). The character of these violations are discussed later herein.

When this hearing came on, appellee having paid a jury fee, demanded a trial by jury, and over the objections of appellant then timely urged and contrary to the provision of subsection c of section 14 later herein quoted, the court being of the opinion that such provision was unconstitutional, impaneled and submitted all issues to a jury after evidence pro and con had been introduced. Upon their findings the trial court entered judgment enjoining and restraining the "Texas Liquor Control Board" or any of its agents or employees from molesting or interfering with appellee in the sale of light wines and beer under said license.

This appeal involves the construction of section 14 and subsection c thereof of article 1 of the Texas Liquor Control Act,

as amended, article 666—14, Vernon's Ann. P.C., which provides:

"Sec. 14. Unless specifically denied herein an appeal from any order of the Board or Administrator * * * cancelling or suspending a * * * license may be taken to the District Court of the County in which the aggrieved licensee * * * may reside. * * * The proceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits, with the following exceptions, which shall be considered literally, viz.: * * *

"c. All such causes shall be tried before the Judge within ten (10) days from the filing thereof, and neither party shall be entitled to a jury."

■ This action of the trial court involves the question of what is the "right of trial by jury" as contemplated under our constitutional provisions relating to the right of a trial by jury. Article 1, section 15 of the Bill of Rights to the Texas Constitution reads: "The right of trial by jury shall remain inviolate. The Legislature shall pass such laws as may be needed to regulate the same, and to maintain its purity and efficiency."

Article 5, section 10, of the Constitution reads: "In the trial of all causes in the District Courts, the plaintiff or defendant shall, upon application made in open court, have the right of trial by jury; but no jury shall be empaneled in any civil case unless demanded by a party to the case, and a jury fee be paid by the party demanding a jury, for such sum, and with such exceptions as may be prescribed by the Legislature."

It is definitely settled in Texas that the right of trial by jury as provided in the foregoing provisions means the right of trial by jury as it existed at common law or by statutory provisions at the time of the adoption of our Constitution in 1876. Pittman v. Byars, 51 Tex.Civ.App. 83, 112 S.W. 102, followed in Foster v. Foster, Tex.Civ.App., 230 S.W. 1064, and cited and approved by the Commission of Appeals in Burckhalter v. Conyer, 9 S.W.2d 1029; Johnson v. State, Tex.Civ.App., 267 S.W. 1057, writ denied; White v. White, 108 Tex. 570, 196 S.W. 508, L.R.A.1918A, 339; Ex parte Allison, 99 Tex. 455, 90 S.W. 870, 2 L.R.A., N.S., 1111, 122 Am.St. Rep. 653; Ex parte Garner, 93 Tex.Cr. 179, 246 S.W. 371; Cooley on Constitutional Limitations, 8th Ed., vol. 2, p. 864; 35 C.J., §§ 13, 14, p. 148.

■ The denial of a right of trial by jury under the subsection c of section 14 is not in contravention of any of the provisions of the United States Constitution. "The provisions of the federal constitution with regard to trial by jury have no application to trials or proceedings in the state courts, but relate only to proceedings in the courts of the United States." 35 C.J. p. 152, citing numerous decisions of the federal courts and of the various states, including Texas.

We next consider if the proceeding here involved was known to the common law, or is a cause of action within the meaning of the Constitution. From an examination of the statutes, we find that a proceeding such as an appeal from the action of an administrative body either granting or revoking a license to sell intoxicating liquor was unknown to the law of Texas at the time of the adoption of our present Constitution, and hence we had no statutes at that time which provided for a jury trial in a proceeding of this nature.

■ The cancellation of a permit to sell liquor under the Liquor Control Act and the principle of law governing such matters is not a civil suit or cause of action. This was definitely settled in Texas in the case of State v. De Silva, 105 Tex. 95, 145 S.W. 330. In Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300, 302, Justice Blair quotes with approval from State v. De Silva, supra, and again announces that the proceedings for review here is not a civil suit or cause of action in the following clear language: "The cancellation of a permit to sell liquor under the Liquor Control Act and the principle of law governing such matters is not a civil suit or cause of action; but the power and authority to cancel such a permit is merely the exercise of an administrative function and duty imposed by the act upon the board or its administrator. A permittee or licensee under the act has no vested right to sell liquor, but is a mere permittee or licensee with the privilege of selling liquor in accordance with the terms of the act, and accepts his permit or license subject to the authority of the board to cancel it for any violation of the statutes or any rule or regulation promulgated by the board under authority of the act."

It is to be noted that section 13, article 1 of the Liquor Control Act, as amended,

Vernon's Ann.P.C. art. 666—13, provides: "Any permit granted under this Act shall be a purely personal privilege, * * * good for the year in which issued, and ending on August 31st of each year at 12 o'clock midnight, and all permits shall be revocable for the causes herein stated, subject to appeal as hereinafter provided, and shall not constitute property, nor shall it be subject to [attachment or] execution, nor shall it descend by the laws of testate or intestate devolution, but shall cease upon the death of the permittee."

Further in support of the above-quoted authorities that this special summary proceeding is not a cause of action within the meaning of the Constitution see: Hernandez v. State, Tex.Civ.App., 135 S.W. 170; Prater v. Storey (Tex.Civ.App.) 249 S.W. 871; McCormick v. Jester, 53 Tex.Civ.App. 306, 115 S.W. 278; State ex rel. McNamara v. Clark, 79 Tex.Cr.R. 559, 187 S.W. 760; Kirkland v. State of Ark., 72 Ark. 171, 78 S.W. 770, 65 L.R.A. 76, 105 Am.St.Rep. 25, 2 Ann.Cas. 242; 9 T.J. 529; 27 T.J. 860, 864, 875, 907; Bowman v. Virginia State Entomologist, 128 Va. 351, 105 S.E. 141, 12 A.L.R. 1131; Barnett v. Pemiscot County Court, 111 Mo.App. 693, 86 S.W. 575; Premier Cereal & Beverage Co. v. Pennsylvania Alcohol Permit Board, 292 Pa. 127, 140 A. 858; U. S. v. Mansour, D.C., 170 F. 671; Natl. Labor Relations Board v. Jones & Laughlin Corp'n, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352; Sterrett v. Gibson, Tex.Civ.App., 168 S.W. 16, 17; Turner v. Bennett, Tex.Civ.App., 108 S.W.2d 967; 35 C.J. § 77, p. 185, and numerous authorities cited therein; 16 R.C.L. p. 216.

From an examination of the authorities herein cited we are firmly of the opinion that the denial of the right of trial by jury under subsection c of section 14 of article 1 of the Texas Liquor Control Act is not in contravention of any constitutional provision, and that the Legislature of this state clearly had the power to enact the provisions as contained in this subsection c in pursuance to article 16, section 20, of the Constitution of Texas as amended in 1935, and pursuant to the exercise of the police power of the state for the protection of the welfare, health, peace, temperance, and safety of the people of Texas. The trial court was in error in submitting the issues here involved to the jury.

In the type of de novo trial as provided for in section 14, article 1, of this act, which permits the court to hear the evidence anew, the court's power is limited to a determination of whether or not the administrative body (the board or its administrator) acted within the scope of its delegated authority; (2) based its order of cancellation upon substantial evidence which was sufficient to support it; or (3) did it act arbitrarily and capriciously. Bradley v. Texas Control Board, Tex. Civ.App., 108 S.W.2d 300; Shupee v. R. R. Comm., 123 Tex. 521, 73 S.W.2d 505, 508; Smith County Oil & Gas Co. v. Humble Oil & Ref. Co., 112 S.W.2d 220, not yet reported; Railroad Commission v. McDonald, Tex.Civ.App., 90 S.W.2d 581; Arkansas Fuel Oil Co. v. Reprimo Oil Co., Tex.Civ.App., 91 S.W.2d 381; City of Chicago v. Kirkland, 7 Cir., 79 F.2d 963; City of San Antonio v. Zogheib, Tex. Com.App., 101 S.W.2d 539; Ma-King Products Co. v. Blair, 271 U.S. 479, 46 S.Ct. 544, 70 L.Ed. 1046; State v. Lone Star Gas Co., Tex.Civ.App., 86 S.W.2d 484, 499, writ refused.

Justice Blair in State v. Lone Star Gas Co., supra, sums up the power of the trial court in proceedings of this type in the following language:

"In such cases the Legislature does not vest in courts the administrative function of determining whether a license, permit, or certificate of convenience or necessity should issue, but merely gives the courts authority to determine whether the action of the administrative board or commission is (a) beyond the power it could constitutionally exercise, or (b) beyond its statutory power, or (c) based upon substantial evidence.

"As to such administrative matters, the legal effect of the findings of fact by the administrative body approximates a question of law, and a finding without evidence is, of course, beyond the power of the administrative body. Nor will courts in such cases review conclusions of the administrative body based upon conflicting evidence; but will sustain its order if based upon substantial evidence. Such is the holding in the case of R. R. Comm. v. Shupee (Tex.Civ.App.), 57 S.W.2d 295, affirmed 123 Tex. 521, 73 S.W.2d 505, and R. R. Comm. v. Lamb, (Tex.Civ.App.), 81 S.W.2d 161. * * *

"But whether the scope of judicial review is a hearing de novo or the correction of nonpermissible error, the appeal is still merely corrective. The question is not

whether the court, if the order were originally before it, would make the same order as was made by the commission, but only whether the commission has acted reasonably upon sufficient evidence, and whether any substantial right of the complaining party has been infringed. In determining the sufficiency of the evidence under the wider scope of judicial review, the question is not whether there is a scintilla of evidence to support the order, but whether the order is fairly and substantially supported by the evidence, when viewed in the light of the presumption in favor of the order, and the quantum and character of the evidence required to overcome such presumption."

In Shupee v. R. R. Comm., supra, in passing upon the power of the Railroad Commission to issue or deny a certificate of convenience and necessity to operate a truck line and what was meant by a statutory appeal and trial de novo from an order granting or denying a certificate or permit, the court used this language: "In other words, if the findings and orders of the Railroad Commission in such matters had any reasonable basis in fact, and were not shown to be arbitrary and unreasonable, they must be supported by the court. * * * But the reviewing court cannot substitute its judgment for that of the commission and disturb its finding, where there is any substantial basis in evidence for such finding, or where the ruling of the commission is not capricious or aribitrary, but is reasonable and lawful."

The order of the administrator being prima facie valid by virtue of the provisions of subsection (5) of section 12 of article 1 of said act, as amended, Vernon's Ann.P.C. art. 666—12, subsec. (5), the burden of proof was on the plaintiff to show that there was not any evidence introduced at the hearing to substantiate the findings of the administrator in his order, or that there were no facts upon which said order could be based. The order canceling this license recites that: The Liquor Control Board had before it the testimony of two of its inspectors who had each purchased a scotch and soda and gin fizz on four separate days in appellee's place of business, being the premises at which he conducted his wine and beer business pursuant to the license theretofore issued to him; the analysis report of a qualified laboratory technician that these drinks so purchased contained distilled spirits and contained alcohol to the extent of 16.8 per cent. to 20.2 per cent. by volume, and found such facts to be true. These inspectors, the chemist, and other witnesses testified in the hearing in the district court. Appellee and his employees denied these sales.

This evidence is sufficient to sustain the findings made in the order complained of by appellee; and was sufficient evidence before the board at the hearing to authorize it to cancel appellee's license; and also to show that the board did not act arbitrarily or capriciously in canceling the license.

Therefore the judgment of the trial court enjoining and restraining the Texas Liquor Control Board, its agents, servants, or employees from molesting or interfering with appellee in the sale of light wines and beer under the license theretofore issued to him is here dissolved and the order, judgment, and decree of the administrator dated September 8, 1937, canceling and holding for naught the wine and beer retail license issued to K. W. Jones, Oasis Bar, Longview, Tex., is sustained.