## STATE v. PEELER.

No. 14829.

Court of Civil Appeals of Texas. Fort Worth.

Feb. 7, 1947.

Rehearing Denied April 4, 1947.

**876**

Woodard Bass and Ray Martin, of Wichita Falls, for the State.

John Davenport, of Wichita Falls, for William G. Peeler.

Edwin Luecke, of Wichita Falls, amicus curiae.

HALL, Justice.

Appellee Wm. G. Peeler of Wichita County, Texas, filed his application with the County Judge of said County for a retail dealer's license to sell beer. Art. 667, Sect. 6, Vernon's Texas Penal Code. The application was denied by the County Judge, and Peeler appealed to the District Court. The application for license was granted by the District Judge, to which action of the Court the Honorable Woodard Bass as County Attorney of said County brings this appeal.

The appellee files his motion to dismiss the appeal on two grounds, first, that the State of Texas was never a party to the proceeding, and second, that said appeal should be dismissed because the County Attorney and/or the State did not file any pleadings in either the county or district court. We overrule both of these contentions. The law provides in Article 667, Penal Code, Sect. 6, Subdivision (b) as follows: " * * * Any citizen shall be permitted to contest the facts stated in said petition and the applicant's right to secure license upon giving security for all costs which may be incurred in such contest should this case be decided in favor of the applicant; provided, however, no officer of a county or any incorporated city or town shall be required to give bond for such costs."

Then again under subdivision (d), said section reads in part as follows: " * * * In the granting or withholding of any license to sell beer at retail, the county judge in forming his conclusions shall give due and proper consideration to any recommendations made by the district or county attorney or the sheriff of the county, and the mayor and chief of police of any incorporated city or town wherein the applicant proposes to conduct his business and to any recommendations made by representatives of the Board."

A portion of subdivision (e) of said section reads in part as follows: "* * * Any person appealing from a judgment or order under the provisions of this Section shall give bond for all costs incident to such appeal and shall be required to pay such costs if the judgment on appeal is unfavorable to the applicant, but not otherwise; provided, however, no such bond shall be required upon appeals filed on behalf of the state."

■■ We interpret this Statute to grant the County Attorney a right to participate in such a proceeding either as a citizen or on behalf of the county and state. The transcript reflects that Mr. Bass appeared before the County Judge as County Attorney. He examined and cross-examined witnesses. He took the lead in contesting the application and made agreements and arguments in the District Court pertaining to the record in this case. As to the second theory of appellee's motion to dismiss we have searched the record and do not find appellee objecting to the fact that no pleadings were filed in either court by the County Attorney, and under the law, in absence of an exception or objection such oral issues may be considered by the court under Rules 67, 90 and 91, Texas Rules of Civil Procedure, especially where the parties agree in open court to certain stated facts as was done in this case. Bednarz et al. v. State, 142 Tex. 138, 176 S.W.2d 562.

The parties in this case admit much confusion surrounded the trial and filed a motion to advance the case, in order to secure information and legal guidance as to the trial in similar cases. We do find much conflict of opinion in the Court of Civil Appeals cases pertaining to the granting and cancellation of beer license, and we find in this case that the learned trial judge was confused as to what authority he might have in the trial de novo as set out by the statute. His findings of fact and conclusions of law conflict with the judgment. He also erroneously found in his conclusions of law law that the hearing had before the County Judge was one of a judicial and not of an administrative nature, and that the appeal from the County Judge was from a judicial hearing rather than an administrative hearing; that the District Court in hearing the case is not bound by any judgment based upon any facts found by the County Judge, even though the facts in said hearing were of sufficient probative value for the County Judge to base the order. He concludes as a matter of law that the evidence adduced before the County Judge was sufficient in probative value to warrant the finding made by the County Judge in denying the license, but that in passing upon the same evidence

heard by the County Judge. he warrants the issuance of said license to the applicant.

We think it plain that the trial court was laboring under an erroneous theory that, first, the hearing before the county judge was one of judicial rather than administrative, and second, that if the hearing before the county judge was administrative, then the district court was bound by the record made before the county judge, and that the district court did not have authority to hear anew the testimony and pass upon the credibility of the witnesses and weight to be given their testimony in passing upon the question as to whether or not there was substantial evidence to support the county judge's order.

Said art. 667 of the Penal Code was amended in 1943 and we are unable to find any Court of Civil Appeals opinions construing the Statute as amended. Before the amendment, Section 6 of said Article in paragraph 5 read as follows: "* * * In the event the County Judge, Texas Liquor Control Board or Administrator denies the application for a license, he shall enter his judgment accordingly, and the applicant may within thirty (30) days thereafter appeal to the District Court of the county where such application is made, and such District Court may hear and determine such appeal in termtime or vacation in a trial de novo. It shall be incumbent upon the applicant to make the same showing in all matters to the District Judge that he is required by this Article to make to the County Judge, and the District Judge in hearing upon the appeal shall hear the cause and render judgment in like manner as required of the County Judge. Judgment of the District Court shall be final * * *".

The amendment to said Section reads in part as follows: "* * * In the event the county judge, Texas Liquor Control Board or Administrator denied the application for a license, he shall enter his judgment accordingly, and the applicant may within thirty (30) days thereafter appeal to the district court of the county where such application is made, and such district court may hear and determine such appeal in term-time or vacation and under the same rules and procedure as provided

in section 14, article I, of this Act", providing for an appeal from the district court's judgment.

In turning to Section 14, art. 1, of the Act, which is art. 666, Section 14, Penal Code, we find it reads in part as follows: "Unless specifically denied herein an appeal from any order of the Board or Administrator refusing, cancelling, or suspending a permit or license may be taken to the District Court of the County in which the aggrieved licensee or permittee, or the owner of involved real or personal property may reside. In all other suits against the Board venue shall be in Travis County, Texas. The proceeding on appeal shall be against the Board alone as defendant and the trial shall be de novo under the same rules as ordinary civil suits * * *".

■ This Section of said Statute has been construed many times by the Courts of Civil Appeals, and even though there are conflicts in their opinions, we find the judicial construction of this Act is to the general effect that all matters pertaining to the trial before the administrator under the Texas Liquor Control Act are administrative in their nature. Therefore, we conclude that the amendment, supra, by the Legislature intended to make the application hearing before the county judge for beer license to become administrative rather than judicial. In answer to appellee's question that if the legislators intended to do this, why did they not authorize said license to be granted by the Board and the employees under said Act, is an argument for the Legislature to answer. Some of the cases we refer to are as follows: Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227; Scales et al. v. Texas Liquor Control Board, Tex.Civ.App., 192 S.W.2d 466; Texas Liquor Control Board v. Lanza, Tex.Civ. App., 129 S.W.2d 1153; Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S. W.2d 530.

The above cases and many others we have read do not lay down the exact procedure to pursue, nor the exact authority a district judge may have in determining the issues upon the so-called trial de novo.

Some of them hold that the district court may not hear testimony which was not produced before the administrator, while others hold said district court is permitted to hear the evidence anew. Most all of the Court of Civil Appeals cases hold, however, that the only jurisdiction which the district court has while reviewing an act of an administrator is to determine whether said administrator has acted within the scope of his statutory authority based upon substantial evidence, or whether he acted arbitrary, unjust or capricious in making his decision or order.

While attempting to lay down some of the rules for the district court to follow in the trial de novo, insofar as the record in this case will permit, we look to the late rulings by the Supreme Court in some of the Railroad Commission cases wherein it was construing the procedure under Rule 37 of said Act, said Act being somewhat similar to the Act in question. We therefore find that some of the general procedures in a trial de novo before the district judge, wherein an appeal was taken from the action of a county judge upon an application for beer license are as follows:

■ (1) That the substantial evidence rule must be applied. Judge Sharp in the case of Potter v. Sun Oil Co., Tex.Sup., 189 S.W.2d 482, 484, by the Supreme Court, defined said rule to be as follows: "The decision of this case may be placed on the rule that if there is any testimony of probative force to sustain the order of the Railroad Commission and the judgment of the trial court, it is the duty of the courts to uphold such order and judgment, unless they are clearly illegal, unreasonable, or arbitrary."

■ (2) The party attacking the decision of the county judge must assume the burden of proving the decision is not based upon substantial facts, or that it is invalid.

■ (3) The district court does not have to depend upon the record presented before the county judge, but he may hear the testimony anew as in civil cases, and determine from such testimony as to whether there were sufficient facts for the county judge to base his opinion upon.

(4) If the court finds that there was sufficient, competent and substantial testimony to support the findings of the county judge, then it is his duty to sustain the action of the county judge, and he will not be permitted to substitute his own opinion for that of the county judge, and determine in his own mind the feasibility of the county judge's ruling. The findings of fact by the county judge is not binding on the district court unless the district court first believes them to be true, and second, that they are substantial enough to support the action of the county judge under the delegated authority of such Act.

(5) If the county judge's order covers a situation not contemplated by the Act, the substantial evidence rule will not apply.

(6) A mere scintilla of evidence will not support the county judge's ruling, if said ruling is contested.

(7) The district judge does not have to select the testimony of one side with absolute blindness to that introduced by the other. It is the duty of the court to render justice in the case.

(8) The district court may consider the whole record to determine the "substantial evidence".

(9) The test is not whether the county judge actually heard sufficient evidence to support the order, but the purpose of a hearing before the district judge is to determine whether at the time the order was entered by the county judge there were sufficient facts to justify same. In some instances it might become immaterial whether the county judge heard any evidence at all, so long as his ruling is correct based upon substantial evidence available at the time of said ruling.

(10) If the county judge does hear evidence, the same is not per se admissible in district court, even though the ruling of the county judge is prima facie valid; to be admissible much depends upon its own merit under the general rules of evidence.

(11) The county judge cannot discriminate between parties upon equal footing, even though the Act rightfully gives the county judge wide latitude and discretion in making his ruling, yet the order cannot discriminate against an applicant unless there is reasonable basis for it. In order to deny a license, there must be some factual basis to show an unusual condition, in substance such as set out in Section 19 (b) of art. 667, Penal Code, as well as the failure of the applicant to meet any one of the requirements as set out in the Act.

The authority which we used in arriving at most all of the above statements is from the late case of Railroad Commission v. Shell Oil Company, 139 Tex. 66, 161 S.W. 2d 1022, by the Supreme Court. Some of the exact language of Chief Justice Alexander is used in compiling these excerpts. The Chief Justice in that case re-dedicated to the people the three branches of Government as having separate functions. Said opinion breaks the stranglehold the bureaus were winding around the Judicial branch of our Government, the opinion places said bureaus in their proper category of serving the people and not dictating to them. For the sake of brevity, we will not quote any of the fine, momentous statements in this opinion. The case should be read as a whole to grasp the full meaning of the re-statement of the constitutional law and the people's rights under it.

The appellee contends that the judgment of the district court should be affirmed on the ground that the evidence was insufficient to warrant the refusal of the permit by the county judge. In view of the fact that the case is being remanded, and since the evidence may not be the same on another trial, we shall not attempt to pass on the sufficiency of the evidence. Furthermore, the record before us does not clearly show what evidence was heard in the courts below. There has been filed in this court, along with the transcript, a document which may or may not have been filed in the district court as a stipulation of what the evidence was in the hearing before the county judge. But such document does not meet the requirements of Rule 377, governing preparation of statements of facts to be used on appeal. The transcript contains findings of fact made by the district court, but, from all that has been said above, we would not feel justified

in affirming his judgment in view of the indications that he tried the case on an erroneous theory. The record suggests, if it does not affirmatively show, that the district judge tested the validity of the county judge's order by the evidence which had been produced in the hearing before the county judge. A similar situation was involved in *Cook Drilling Co. v. Gulf Oil Corp.*, 139 Tex. 80, 161 S.W.2d 1035. For the reasons there given, and in view of what is said above in this opinion, we think that the case should be remanded to the district court for trial in accordance with the rules above pointed out.

Reversed and remanded.