RAMOS v. AUSTIN et al.

No. 11955.

Court of Civil Appeals of Texas.
San Antonio.

April 27, 1949.

Rehearing Denied May 18, 1949.

Kelley, Looney, McLean & Enochs, Edinburg, for appellant.

Strickland, Wilkins, Hall & Mills, Mission, for appellees.

W. O. MURRAY, Justice.

This is an appeal from an order of the 92nd District Court of Hidalgo County, affirming an order of the County Judge of Hidalgo County refusing to grant to Filomeno Ramos a retail dealer's license to sell beer under the provisions of Article 667, § 6, Vernon's Texas Penal Code. An order was entered in the Docket and Judgment Minutes for Licenses book in and for Hidalgo County, on September 27, 1948. This order did not state the reason for the refusal of the application for a beer license. Another order was filed with the County Clerk on October 5, 1948, in which it was found that the applicant was in all respects qualified and had in all respects complied with the law authorizing the granting of said license, and that the license should be granted, except that the court was of the opinion that there are "too many beer establishments in South Mission, and that too many beer establishments are not good

for the Community," and that the application was therefore denied. The appeal was taken from either or both of these orders.

Appellees contend that only the first order was effective and that the second order was a nullity. We are inclined to agree with this contention. When one judgment is filed a subsequent judgment in the same case is a nullity, unless there is something to show that the first was vacated. Mullins v. Thomas, 136 Tex. 215, 150 S.W. 2d 83.

However, it is unimportant which order is controlling or whether both are effective, because the question on appeal is not whether the trial judge gave the correct reason for his judgment, but whether he rendered a correct judgment.

When a County Judge passes upon an application for a beer license he is acting as an administrator and not as a judicial officer. State v. Peeler, Tex.Civ. App., 200 S.W.2d 874. On appeal the only question for the Court to pass upon is, was the judgment or order of the County Judge reasonably supported by substantial evidence? State v. Peeler, supra; Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424; Railroad Commission v. Sterling Oil & Refining Co., Tex.Sup., 218 S.W.2d 415.

The burden was upon appellant to show that the order of the County Judge was not reasonably supported by substantial evidence and was therefore void. State v. Peeler, supra.

Appellant contends that an application for a retail dealer's license to sell beer can be refused only for the reasons set forth in art. 667, § 6, Vernon's Texas Penal Code, under the maxim, expressio unius est exclusio alterius. We overrule this contention. It is clear from the reading of this article that the Legislature was not attempting to set forth all of the reasons for which an application could be refused. People v. Lim, Cal.App., 111 P.2d 429; Bland v. Commissioners of Internal Revenue, 7 Cir., 102 F.2d 157. In passing upon such an application a County Judge is allowed wide discretion and his action will be upheld so long as it is reasonably supported by substantial evi-

dence and is not invalid because discriminatory, unreasonable or arbitrary. Railroad Commission v. Sterling Oil & Refining Co., Tex.Sup., 218 S.W.2d 415.

The District Court properly affirmed the order of the County Judge in the absence of evidence showing that his order was not reasonably supported by substantial evidence, or that it was discriminatory, unreasonable or arbitrary.