**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**Leroy ARMSTRONG, Appellee.**

No. 13116.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 20, 1957.

Rehearing Denied March 20, 1957.

Hubert W. Green, Jr., Criminal Dist. Atty., W. Key Hoffman, Preston H. Dial, Jr., Asst. Dist. Attys., San Antonio, for appellant.

H. M. Bellinger, San Antonio, for appellee.

POPE, Justice.

Leroy Armstrong made application for an on-premises wine and beer permit and the County Judge of Bexar County denied the application. He appealed to the district court and obtained a judgment granting his application for a beer and wine license. The main issue before us is whether the findings of the County Judge are reasonably supported by substantial evidence. Jones v. Marsh, 148 Tex. 326, 224 S.W.2d 198.

When courts sit in review of evidence before the County Judge, the applicable standard requires a review of all the evidence, not merely that which supports the order of the County Judge. Jones v. Marsh, supra; Trapp v. Shell Oil Co., Inc., 145 Tex. 323, 198 S.W.2d 424. The burden of proof is upon the appellant to show that the order of the County Judge is not reasonably supported by substantial evidence. Ramos v. Austin, Tex.Civ.App., 220 S.W.2d 528. If there be only a mere scintilla of evidence, the order of the County Judge should be reversed. Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338, 340. Because the preponderance of the evidence is against the finding of the County Judge is not grounds to reverse his judgment. Hawkins v. Texas Co., supra. Because the evidence raises a reasonable doubt as to certain facts, such as the guilt of a party, is not grounds for reversal. Texas Liquor Control Board v. O'Fallon, Tex.Civ.App., 189 S.W.2d 885. The rule does not require that the evidence in support of the order of the County Judge should be full and satisfactory, as was expressed in the trial court's findings. Jones v. Marsh, supra. The reviewing court may not substitute its discretion for that committed by statute to the County Judge. Ramos v. Austin, Tex.Civ.App., 220 S.W.2d 528. The test ultimately requires the application of the rule announced in Trapp v. Shell Oil Co., Inc., supra [145 Tex. 323, 198 S.W.2d 441]: "If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside." Accord, Texas Liquor Control Board v. O'Fallon, supra; Board of Fire-

men's Relief & Retirement Fund Trustees of Houston v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965.

We are favorably impressed by the nature of the showing Armstrong made in support of the license. He called as witnesses on his behalf, the principal of one of the public schools, the local justice of the peace, the constable, two Air Policemen with the U. S. Air Force, two preachers, several friends, his own employees, including a special deputy he employed to police the premises, neighbors, business associates, and customers. Each one testified to different matters, but the witnesses stated that Armstrong's place, The Dream Bar, was well operated, that Armstrong conducted a strictly orderly place, was law abiding and had a good reputation. They testified that he made special efforts to learn who were undesirable persons, and that each time he learned of such persons in his place he evicted them. Prior to 1951, Armstrong was convicted of possessing a gaming device, but for the last five years his personal record has been clean. He waived objections to a fifteen-day suspension of his license in 1955. Many witnesses testified they had never seen a drunk person on the premises since the place opened in 1954.

The Liquor Control Board countered this evidence by proof that Armstrong's permit should be denied under the provisions of Arts. 667–5, subds. 2(c, g), 3(o), 667–6(d), Vernon's Ann.Penal Code. In proof of these matters, two police officers testified that Armstrong's reputation for being a peaceable and law-abiding citizen is bad. Less than six months before Armstrong made application to renew his license, three persons were on the premises in a drunken condition. At the same time, a minor was found on the premises. Whether he was in fact drinking or merely holding a glass of beer is a much disputed matter, but Armstrong at the time waived his right to protest, pleaded guilty, and consented to a fifteen-day suspension. This of-

fense also prompted the Juvenile Judge to appear before the County Judge and protest the renewal of the permit. Two other officers on two other occasions, within six months prior to the application, found and arrested drunk persons on the premises. Another person was arrested for disturbing the peace. A total of eight violations occurred within six months. A police officer testified that from October, 1955, to April, 1956, he saw several drunken persons on the premises.

■■■■ In our recent opinion, Texas Liquor Control Board v. Pompa, 298 S.W. 2d 605, we made the statement that an order granting a beer license did not erase the licensee's record prior to the grant. However, violations may be so remote in time that they should be disregarded. The Board showed several periodic violations of the law from 1951 to 1954, when Armstrong worked at "The Spot" as manager or bar tender for his mother, and also when he operated "The Bop" prior to 1951. We do not consider those matters too remote for our consideration. Sikes v. Texas Liquor Control Board, Tex.Civ.App., 243 S.W.2d 395.

■■ ■■ The fact of several violations within recent months was established. Carsons v. State, Tex.Civ.App., 216 S.W.2d 836. Extenuating circumstances were presented, but even those were matters, together with credibility, which were addressed to the discretion of the County Judge. Looking at all the evidence, the order of the County Judge was reasonably supported by substantial evidence, and whether we would have reached the same conclusion as the administrator did is unimportant. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Texas Liquor Control Board v. Redd, Tex.Civ.App., 285 S.W.2d 400.

The judgment of the District Court is reversed and the order of the County Judge is affirmed.