**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**Frank M. McGEE, Appellee.**

No. 13341.

Court of Civil Appeals of Texas.

San Antonio.

June 4, 1958.

Rehearing Denied July 2, 1958.

Will Wilson, Atty. Gen., John H. Minton, Jr., Marvin R. Thomas, Jr., Asst. Attys. Gen., for appellant.

Werner A. Gohmert, Alice, for appellee.

BARROW, Justice.

This is an appeal from the judgment of the District Court reversing the order of the Assistant Administrator of the Texas Liquor Control Board.

The Assistant Administrator of the Texas Liquor Control Board, after due notice, conducted a hearing upon the charge: "That on or about the 7th day of October, A.D.1957, in the County of Jim Wells, State of Texas, on the premises on Lot 12, Block 5, Atkinson Addition, South Side of San Diego Highway, City of Alice, of Frank M. McGee holding Beer Retail License No. 169793, issued by the Texas Liquor Control Board on the 31st day of May, A.D.1957, for the said premises, the said Frank M. McGee did then and there permit Cecil Decker to shoot and kill Kenneth Orr, such act constituting a breach of the peace upon said premises and the act was not beyond the control of the person holding the license and did result from improper supervision by the licensee of the conduct of the persons permitted by him to be on the licensed premises and the premises under his control."

After said hearing, the Assistant Administrator made and entered an order cancelling McGee's permit. The licensee, Frank M. McGee, duly appealed to the District Court, which court, after a trial, rendered judgment setting aside said cancellation order. Texas Liquor Control Board has appealed.

Appellant attacks the judgment upon three points.

By its first point appellant contends that the trial court erred in holding that the burden of proof was on the Board in an appeal brought by the licensee. In Texas Liquor Control Board v. Marine Exchange Social Club, Tex.Civ.App., 127 S.W.2d 967, 968, the Court said:

"The law is settled in this state that on a statutory appeal from an order of the Texas Liquor Control Board or its administrator cancelling a beer license or permit because of some violation of the Liquor Control Act, the burden of proof is upon the party attacking it to show that the order is invalid. Bradley v. Texas Liquor Control Board, Tex.Civ.App., 108 S.W.2d 300; Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227; Texas Liquor Control Board v. Warfield, Tex.Civ.App., 110 S.W.2d 646; Id., Tex.Civ.App., 111 S.W.2d 862; Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530; Texas Liquor Control Board v. Blacher, Tex. Civ.App., 115 S.W.2d 1030; Texas Liquor Control Board v. Tschoerner, Tex.Civ.App., 117 S.W.2d 121. Such orders are not only made prima facie valid by statute, but being official acts there is a presumption in favor of their legality; and the one attacking them upon the ground that there was not sufficient evidence before the Board or administrator to authorize the cancellation of the license must show that fact on an appeal from the order cancelling such license. Texas Liquor Control Board v. Floyd, supra; Humble Oil & Refining Co. v. Railroad Comm., Tex.Civ.App., 112 S.W.2d 222."

See also, Texas Liquor Control Board v. Armstrong, Tex.Civ.App., 300 S.W.2d 146; State v. Peeler, Tex.Civ.App., 200 S.W.2d 874; Ramos v. Austin, Tex.Civ.App., 220 S.W.2d 528; Isbell v. Brown, Tex.Civ. App., 196 S.W.2d 691.

The record shows that after the court ruled that the burden of proof was upon appellant, the Board proceeded to offer proof and was permitted to introduce such proof as it cared to. Under the circumstances, the case having been fully developed, so far as appellant is concerned, we think the error of the court becomes harmless in view of our further holding. Texas Real Estate Commission v. Sandefur, Tex.Civ.App., 279 S.W.2d 954.

By its second and third points appellant contends that appellee, Frank M. McGee, failed to discharge the burden of proof, in that he failed to show that the order of the Assistant Administrator of the Texas Liquor Control Board is not reasonably supported by substantial evidence, and that in fact the proof before the court shows that the order is reasonably supported by substantial evidence.

■ The order of the Administrator is prima facie valid. Art. 666–12a, Vernon's Ann.Penal Code. The burden of proof is upon appellee, Frank M. McGee, to show that the order of the Administrator is not reasonably supported by substantial evidence. Ramos v. Austin, supra; Texas Liquor Control Board v. Armstrong, supra. The main issue before us is whether the order of the Administrator is reasonably supported by substantial evidence. Jones v. Marsh, 148 Tex. 326, 224 S.W.2d 198. In determining that question, the test has been announced in Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022, 1029, 1030:

> "If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside."

The record shows that Cecil Decker shot and killed Kenneth Orr, within the Alice Patio, on the evening of October 7, 1957, at about 10:30. That Cecil Decker, Kenneth Orr, Jimmy Cook and Clifford Taylor came to the Patio about 5:30 or 6:00 p. m. and remained there most of the time until the shooting. Glenda McGee, wife of the licensee, was in charge of the place on that evening. She testified that there were only two waitresses, Betty O'Neill and herself, and that there were about seventy-five people at the Patio that evening. That she served the table where the deceased and his party were sitting, that once during the evening she heard Cecil Decker say he would "go to the country with anyone," and that she inquired of them if there was any trouble. She further testified that her husband was not at the place of business more than thirty or forty per cent of the time, and that his work took him out of the city most of the time.

Officer Fuller of the Alice Police Department arrived at the Patio shortly after the shooting, and he testified that both Jimmy Cook and Clifford Taylor were intoxicated on the premises, and one of them was so thick tongued that it was necessary that they wait until the next morning to take a statement from him. He also testified that Betty O'Neill, the waitress, had liquor on her breath at the time.

■ From these facts it is clear that Glenda McGee, wife of appellee, who was in charge of the premises at the time, knew before the shooting occurred that these men were intoxicated and that trouble was threatened between them, and that nothing was done to prevent it. The trouble did finally occur and the shooting resulted. The conclusion is, therefore, reasonable that the killing of Kenneth Orr was the result of lack of supervision of the licensed premises.

The judgment of the trial court is reversed and here rendered affirming the order of the Assistant Administrator of the Texas Liquor Control Board.