**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**Alfred G. SCOTT, Appellee.**

No. 3872.

Court of Civil Appeals of Texas.

Waco.

June 8, 1961.

Rehearing Denied June 29, 1961.

the agreement with you that you would be liable for the merchandise still holds good."

842

Will Wilson, Atty. Gen., Cecil Cammack, Jr., Asst. Atty. Gen., for appellant.

Frederick W. Robinson, Houston, for appellee.

WILSON, Justice.

The only issue presented is whether the order of appellant's Assistant Administrator refusing appellee's application for a "beer retail on-premise license" finds reasonable support in substantial evidence. The trial court determined, in proceedings under Art. 666–14, Vernon's Ann.P.C., that it did not, and set aside the order.

██ Basic concepts involved in applying the substantial evidence rule have been established by the Supreme Court in decisions, many of which are cited in Texas Liquor Control Board v. Armstrong, Tex. Civ.App., 300 S.W.2d 146, writ refused, where Justice Pope concisely collates some of the controlling canons. Those pre-eminently controlling here are (a) that the question of law (not fact) involves determination of reasonableness, which negatives the idea the "court is to try anew the statutory issues tried by the Board," for it is not a typical de novo trial; (2) that the decision "cannot be made on facts found on the trial as in other civil cases", since a law question is involved; and therefore, preponderance of evidence is not the test. Southern Canal Co. v. State Board, Etc., 159 Tex. 227, 318 S.W.2d 619. (3) "The court is not [authorized] to substitute its discretion for that committed to the agency by the Legislature." Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338, 340; Board of Firemen's Relief, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 183, 27 A.L. R.2d 965. (4) The test is whether the evidence is such that "reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action." Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424, 441; Texas Liquor Control Board v. Armstrong, supra.

Appellant relies on the provisions of Art. 667–5, Arts. 667–3(c), 667–6(c), 667–10, 666–3a(7), 666–4(c), Art. 667–19, subd. A(3, 16, 23), Vernon's Ann.P.C., as statutory basis for its refusal of the application.

██ In determining whether appellee discharges his burden, all the evidence and

the record as a whole is looked to. Hawkins v. Texas Co., supra. The present record is replete with hearsay, which we assume was disregarded. Appellee operated a fishing camp on which was a concession stand for sale of bait, tackle, drinks, confections, and boat rental. Appellant's inspector testified that he purchased beer delivered to him by appellee during prohibited hours on a general primary election day, and that he and appellee consumed it on the premises; that he had very little trouble in persuading appellee to make the sale; that on Sunday following, during prohibited hours, he purchased beer at the concession stand from the man appellee had left in charge. Less than a year before the present application, appellee's previous license was suspended by appellant for 30 days because his employee sold beer on Sunday in his absence.

■ Opposing evidence, corroborated by witnesses apparently disinterested, was to the effect that the inspector persistently importuned appellee to sell him beer, and that appellee refused; that the investigator induced—not a sale—but a gift of beer by evoking sympathy and compassion; that he displayed his discharge from the armed services and told how he had been released after serious surgery for cancer, a condition from which he still suffered; that appellee told him "a man in your condition has full rights to fish here" free, and "I'll just give you a six-pack of beer and put you to fishing and you can go on down and rest"; that no beer was consumed on the premises, but only on adjacent property. There was evidence that on the occasion of the Sunday sale the inspector complained of a "hang-over", told appellee's friend, who had volunteered to "watch the camp" during appellee's absence, about his service discharge, and that "he had a cancer and was in bad shape"; that he refused to sell him beer, but "felt so sorry for the man" he gave him a can of his own beer from the ice tub in his own car, after the inspector had "followed me around there 25 or 30 minutes."

There was testimony from bystanders that on the election day occasion applicant told the agent, after the latter described his condition and asked for beer, "I can't sell you one, but I'll give you a six-pack to get you out of my hair"; and that no beer was sold. The agent admitted beer was given to him, but said he also bought some. He also admitted that appellee, at first, refused to sell any beer to him; that "quite a bit of talking took place"; that he used some persuasion, and told about his cancer. He testified appellee told him he was not supposed to sell beer on election day, but "if you watch who you sell it to it's O.K., and I just sell to people I know." The agent testified beer was sold on election day to one Eaton; the latter testified he bought no beer from appellee, but had carried his own iced beer in his car to the camp.

We have thus summarized the evidence—not completely, but at length—to indicate there was a clear-cut issue of fact which, with credibility involved, in the trial of an ordinary civil case, or the ordinary de novo trail, would have justified the court in determining that the preponderance of the evidence supported applicant's contentions. That he, or we, might have reached a conclusion contrary to that of the Assistant Administrator is unimportant—even where the evidence preponderates against his conclusion—for this is not a trial of a fact issue; it is a trial solely on the law question of whether the order of refusal is reasonably supported by substantial evidence.

The Supreme Court has fixed as a dominant precept in cases such as this that the substantial evidence rule imposes limitations on the power of courts to overturn administrative decisions it is given legislative power to review. Without such limitations, the legislation would run afoul of constitutional mandates relating to separation of governmental powers by conferring administrative functions on the judiciary. Board of Firemen's Relief, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 182; Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198,

201; Texas Department of Public Safety v. Perlman, Tex.Civ.App., 340 S.W.2d 522, Syl. 1.

We think it may not be properly said from the whole record here that appellee discharged the burden of establishing that "reasonable minds could not have reached the conclusion the agency must have reached in order to justify its action," persuasive as his evidence might have been. We are therefore required to reverse the judgment. Texas Liquor Control Board v. Armstrong, Tex.Civ.App., 300 S.W.2d 146, writ refused.

Judgment is reversed and here rendered that the order of appellant dated October 11, 1960 be re-instated and confirmed.