**TEXAS LIQUOR CONTROL BOARD, Appellant,**

v.

**Clarence O. SPIVEY, Appellee.**

No. 15954.

Court of Civil Appeals of Texas.

Dallas.

Feb. 2, 1962.

Will Wilson, Atty. Gen., and Cecil Cammack, Jr., and Norman V. Suarez, Asst. Attys. Gen., for appellant.

Shwiff & Wheeler, Dallas, for appellee.

WILLIAMS, Justice.

Clarence O. Spivey filed his application for "beer retail on-premises license." Art. 667–5, Vernon's Ann.Penal Code. Following a hearing, and by order dated January 24th 1961, the County Judge of Dallas County, Texas refused the application. Spivey appealed from this order to the District Court of Dallas County, Texas. The District Judge, in a non-jury trial, reversed the order and directed the issuance of a license. The Texas Liquor Control Board, through the Attorney General, appeals, contending that the trial court erred in holding that the applicant, Spivey, had discharged his burden of proof showing that the order of the County Judge was not supported by substantial evidence or was arbitrary and illegal.

The sole question for determination is whether the order of the County Judge refusing appellee's application for "beer retail on-premises license" finds reasonable support in substantial evidence.

Appellant correctly states that the action of the County Judge was an administrative act rather than a judicial act. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198. An appeal from an order of the County Judge issued in the performance of his administrative duties is treated not as a judicial appeal but as an appeal from an administrative board, and this being the case, the burden of proof is upon appellee, Spivey, as the person attacking the administrative decision of the County Judge to show that the order of the County Judge was not reasonably supported by substantial evidence. Ramos v. Austin (Civ.App.) 220 S.W.2d 528; Texas Liquor Control Board v. Armstrong (Civ.App.) 300 S.W.2d 146, writ ref.; State v. Peeler (Civ.App.) 200 S.W.2d 874; Texas Liquor Control Board v. Marine Exchange Social Club (Civ.App.) 127 S.W.2d 967; Texas Liquor Control Board v. McGee (Civ.App.) 314 S.W.2d 678.

Certain fundamental principles must be observed in the proper application of the substantial evidence rule. These principles were concisely stated by Mr. Justice Wilson of the Waco Court of Civil Appeals in the recent case of Texas Liquor Control Board v. Scott, 347 S.W.2d 841, err. ref. n. r. e., as follows:

"Basic concepts involved in applying the substantial evidence rule have been established by the Supreme Court in decisions, many of which are cited in Texas Liquor Control Board v. Armstrong, Tex.Civ.App., 300 S.W.2d 146, writ refused, where Justice Pope concisely collates some of the controlling canons. Those pre-eminently controlling here are (a) that the question of law (not fact) involves determination of reasonableness, which negatives the idea the 'court is to try anew the statutory issues tried by the Board,' for it is not a typical de novo trial; (2) that the decision 'cannot be made on facts found on the trial as in other civil cases', since a law question is involved; and therefore, preponderance of evidence is not the test. Southern Canal Co. v. State Board, etc., 159 Tex. 227, 318 S.W.2d 619. (3) 'The court is not (authorized) to substitute its discretion for that committed to the agency by the Legislature.' Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338, 340; Board of Firemen's Relief, etc. v. Marks, 150 Tex. 433, 242 S.W.2d

181, 183, 27 A.L.R.2d 965. (4) The test is whether the evidence is such that 'reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its actions.' Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424, 441; Texas Liquor Control Board v. Armstrong, supra."

Appellant relies on the provisions of Art. 667–5(3) (i) Vernon's Ann.Penal Code, which provides that the County Judge may refuse to issue a license to any applicant if he has reasonable grounds to believe and finds that the applicant has failed or refused to furnish a true copy of his application to the Texas Liquor Control Board District office in the District in which the premises sought to be covered by license is located. The instructions contained in the application itself provided that a copy of said application must be filed with the District Office of the Texas Liquor Control Board. The order of the County Judge recited that a lawful reason existed to warrant his denial of the application.

Upon the trial in the District Court appellee Spivey testified to various facts contained in his application but offered no evidence whatsoever that he had complied with the provisions of the law relating to supplying a copy of the application with the State authorities.

■■ The question here is a simple one, could reasonable minds not reach the conclusion that the County Judge reached in order to justify his action. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424. The appellee makes no contention that he offered any proof whatsoever to satisfy this parcicular requirement of the law concerning notice. Appellee contends that such may be inferred from the fact that a hearing was held. With this we cannot agree. From this record as a whole it is evident that appellee failed to sustain his burden of proof. We are unable to say that reasonable minds could not have reached a conclusion that was reached by the County Judge and therefore we resolve this question of law against appellee.

The judgment of the trial court is reversed and here rendered that the order of the County Judge dated January 24, 1961 be reinstated and confirmed.

Reversed and rendered.