**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**Merrill Ann WARREN, Appellee.**

No. 16037.

Court of Civil Appeals of Texas.

Dallas.

Sept. 28, 1962.

Will Wilson, Atty. Gen., and John E. Leonarz, Asst. Atty. Gen., Austin, for appellant.

Bernard A. Golding, Houston, for appellee.

WILLIAMS, Justice.

Pursuant to the provisions of the Texas Liquor Control Act, Merrill Ann Warren made application for Wine and Beer Retailer's Permit for premises at 5516 Harry Hines, City of Dallas, Texas. The application was heard by the County Judge of Dallas County and by him denied by order dated June 27, 1961. From this order Merrill Ann Warren perfected her appeal to the District Court of Dallas County, Texas. At the conclusion of the testimony in the District Court, the District Judge, without the intervention of a jury, reversed the order of the County Judge and decreed that the application be granted. From this judgment the Texas Liquor Control Board perfects this appeal contending primarily that the trial Judge was in error in holding that the action of the County Judge was not reasonably supported by substantial evidence.

Upon the trial in the District Court appellee testified that she was a married woman, with her disabilities removed, and that she had made arrangement to purchase the premises at 5516 Harry Hines, known as the Southerner, on June 19, 1961, but that she did not actually take over the place until the 23 day of June at which time she operated it for approximately one week prior to the hearing on her application in the County Court. Two police officers testified that between June 19 and June 27, 1961 they had observed appellee and her husband make sales of beer on the premises. Both police officers testified that they were familiar with appellee's general reputation in the community and that it was bad. Appellee testified that she attempted to operate under the previous operator's license.

OPINION

Art. 667–3, Penal Code, provides that it shall be unlawful for any person to sell beer without first obtaining appropriate license as provided by the Act. Art. 667–7 (d), (f) and (i), Penal Code, render it a violation of the law for one to attempt to operate premises under permit or license of another.

Art. 667–5, Penal Code, provides that the County Judge *shall* refuse to approve the application for a license if he has reasonable grounds to believe and finds (2) (g) that the applicant is not of good moral character, that his reputation for being a peaceable, law-abiding citizen in the community where he resides is bad. Art. 667–5, subd. 3(d) Penal Code, provides that the County Judge *may* refuse to issue a license if he has reasonable grounds to believe and finds that the applicant has violated any provisions of the Act.

The action of the County Judge was an administrative act rather than a judicial act. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198. An appeal from an order of the County Judge issued in the performance of his administrative duties is treated not as a judicial appeal but as an appeal from an administrative board, and this being true, the burden of proof is upon appellee to show that the order of the County Judge was not reasonably supported by substantial evidence. Ramos v. Austin, Tex.Civ.App., 220 S.W.2d 528; Texas Liquor Control Board v. Armstrong, Tex.Civ.App., 300 S.W.2d 146, writ ref.; State v. Peeler, Tex.Civ.App., 200 S.W.2d 874; Texas Liquor Control Board v. Marine Exchange Social Club, Tex.Civ.App., 127 S.W.2d 967; Texas Liquor Control Board v. McGee, Tex.Civ.App., 314 S.W.2d 678; Texas Liquor Control Board v. Scott, Tex.Civ.App., 347 S.W.2d 841; Tex-

as Liquor Control Board v. Spivey, Tex. Civ.App., 354 S.W.2d 424.

The basic concepts involved in construing the substantial evidence rule are:

 (A) In such cases the question of law involves determination of reasonableness. Being one of law and not of fact negatives the idea that the court is to try the case anew since it is not a typical de novo trial;

(B) The decision cannot be made on facts found on the trial as in other civil cases, since a law question is involved; and therefore, the preponderance of the evidence is not the test. Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619;

(C) The court is not authorized to substitute its discretion for that committed to the agency by the Legislature. Hawkins v. Texas Co., 146 Tex. 511, 209 S.W.2d 338; Board of Firemen's Relief, etc. v. Marks, 150 Tex. 433, 242 S.W.2d 181, 27 A.L.R.2d 965;

(D) The test is whether the evidence is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its actions. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424.

The mere fact that appellee here presented testimony which raises a conflict with the testimony presented by the Board is not sufficient in itself to defeat the test of the substantial evidence rule. Texas Liquor Board v. Redd, Tex.Civ.App., 285 S.W.2d 400; Texas Liquor Control Board v. Tschoerner, Tex.Civ.App., 117 S.W.2d 121. In State v. Farris, Tex.Civ.App., 239 S.W.2d 419, the Waco Court of Civil Appeals said that a conflict in the evidence must be resolved in favor of the evidence which upholds the order of the administrative agency. See also Texas Liquor Control Board v. Jones, Tex.Civ.App., 112 S.W.2d 227; Texas Liquor Control Board v. Floyd, Tex.Civ.App., 117 S.W.2d 530; and

Texas Liquor Control Board v. Smalley, Tex.Civ.App., 129 S.W.2d 466.

Applying these landmark rules to the facts in the instant appeal we agree with appellant that appellee wholly failed in her effort to establish that there was no substantial evidence before the County Judge at the time he denied her application for permit. There is substantial evidence introduced in the District Court to justify the action of the County Judge in denying the permit. The evidence is undisputed that appellee did sell beer on the premises in question at a time when she did not possess a license to sell same. This was a violation of the statute. Moreover, the evidence in the District Court is of substantial nature that appellee's reputation in the community was bad, same alone being sufficient to justify the denial of the permit.

The judgment of the trial court is reversed and here rendered that the order of the County Judge dated June 27, 1961 be reinstated and confirmed.

Reversed and rendered.