**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**BIG COUNTRY CLUB, Appellee.**

**No. 4605.**

Court of Civil Appeals of Texas, Eastland.

March 9, 1973.

Rehearing Denied April 6, 1973.

E. Bruce Curry, Asst. Atty. Gen., Austin, for appellant.

Schulz, Hanna & Burke, W. L. Burke, Jr., Abilene, for appellee.

McCLOUD, Justice.

This is an appeal from a judgment of the district court setting aside an order of the Administrator of the Texas Alcoholic Beverage Commission cancelling appellee's private club registration permit and beverage cartage permit. The only issue presented is whether the order of the Administrator is reasonably supported by substantial evidence. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949); Texas Liquor Control Board v. Longwill, 392 S.W.2d 725 (Tex.Civ.App.—Texarkana 1965, writ dism.); Texas Liquor Control Board v. Armstrong, 300 S.W.2d 146 (Tex.Civ.App. —San Antonio 1957, writ ref'd.); Texas Liquor Control Board v. Pennington, 423 S.W.2d 469 (Tex.Civ.App.—Houston 1967, writ ref. n. r. e.).

The rules to be applied are well settled. The evidence to be considered is the evidence admitted in the judicial proceeding. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022 (1942); Sikes v. Texas Liquor Control Board, 243 S.W.2d 395 (Tex.Civ.App.—Galveston 1951, no writ hist.). The issue to be decided is a question of law. Texas Liquor Control Board v. Scott, 347 S.W.2d 841 (Tex.Civ. App.—Waco 1961, writ ref. n. r. e.); Texas Liquor Control Board v. Spivey, 354 S.W.2d 424 (Tex.Civ.App.—Dallas 1962, no writ hist.). All evidence is to be reviewed and not merely that which supports the order of the Administrator. Trapp v. Shell Oil Co., 145 Tex. 323, 198 S.W.2d 424 (1946). The burden of proof is upon the appellee, Big Country Club, to show that the order of the Administrator is not reasonably supported by substantial evidence. Preponderance of the evidence is not the test. Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318

S.W.2d 619 (1958). Also, the reviewing court may not substitute its judgment for that of the Administrator. Trapp v. Shell Oil Co., supra; Ramos v. Austin, 220 S.W. 2d 528 (Tex.Civ.App.—San Antonio 1949, no writ hist.). The test to be applied is announced in Trapp v. Shell Oil Co., supra, 198 S.W.2d at page 441 as follows:

" 'If the evidence as a whole is such that reasonable minds could not have reached the conclusion that the agency must have reached in order to justify its action, then the order must be set aside.' "

On or about March 12, 1972, Alton Boyd Carter was involved in an affray with Lee Shelton and Bob Bailey at the Big Country Club. Shelton was the owner and manager of the Big Country Club, and Bailey was Shelton's son-in-law. After a hearing, the Administrator entered an order cancelling the cartage and private Club permits. Contained in the order is the following finding:

"3.

That the manner in which the permittee conducts its business is of such a nature which, based on the general welfare, health, peace, morals and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permits, in that on or about the 12th day of March, 1972, there did occur on the said licensed premises a breach of peace to-wit: an affray involving Alton Boyd Carter, Lee Shelton and Bob Bailey, which was not beyond the control of the agents and employees of the said permittee and was the result of improper supervision."

Article 666–12, Vernon's Ann.Texas Penal Code provides:

"The Commission or Administrator may cancel or may suspend for a period of time not exceeding sixty (60) days, after notice and hearing, any permit or any renewal of such permit if it is found that any of the following is true:

\*　　\*　　\*　　\*　　\*　　\*

(6) That the place or manner in which the permittee conducts his business is of such a nature which, based on the general welfare, health, peace, morals, and safety of the people and on the public sense of decency, warrants the cancellation or suspension of the permit."

The record shows that shortly after arriving at the Big Country Club Alton Boyd Carter ordered and was served a beer. Upon ordering a second beer he was refused service. Lee Shelton, the owner and manager of the club testified Carter was refused the beer because he had been previously "barred" from the club. Carter, after the refusal, left his table and went to the bar. At this point a fight occurred between Carter, Shelton, and Bailey. During this fight Shelton struck Carter several times with a broken or sawed-off cue stick. As a result of the fight, Carter sustained multiple lacerations and abrasions about the head which required medical treatment.

There is evidence that after Carter was told he could not have a second beer he rushed to the bar, slammed his fist down, and while using vile language, demanded he be served. Bailey testified that an argument ensued, that Shelton told Carter to leave, and that Carter then took a swing at Shelton. Bailey further testified that he and Shelton were wrestling with and trying to hold Carter when Carter got a knife from his pocket. Shelton testified he did not hit Carter until Carter attempted to open the knife. He further testified he continued to hit Carter with the cue stick until Carter got rid of the knife.

Carter contended that Shelton started the fight. He stated that after the waitress refused to serve him the beer, he walked over to the bar and asked that he be served. He stated at this point Shelton said "you're always causing trouble in here". An argument followed and Carter testified that Shelton grabbed him and Shelton and Bailey hit him and knocked him to the floor. He stated they were

beating the "devil" out of him and they were holding him down and hitting him when he got the knife from his pocket. He testified he would have used the knife if he had gotten it opened.

Shelton testified that Carter had been "barred" from the club because of some previous difficulties and that his name had been "scratched" from the membership. He stated this was the reason Carter was not served. Carter testified that the girl at the entrance of the club checked his membership card and told him to "go right on in". He testified that no one told him he was barred from the club. Shelton testified there were no security precautions, other than himself, to prevent a person who had been previously barred from entering the club. There is evidence that Shelton was not always stationed at the front bar and in fact was in the back office on the night in question when Carter first entered the club.

After reviewing all the evidence, we hold that the order of the Administrator of the Texas Alcoholic Beverage Commission was reasonably supported by substantial evidence. Texas Liquor Control Board v. McGee, 314 S.W.2d 678 (Tex.Civ. App.—San Antonio 1958, writ ref. n. r. e.); Texas Liquor Control Board v. Rodriguez, 364 S.W.2d 459 (Tex.Civ.App.—San Antonio 1963, no writ hist.); Texas Liquor Control Board v. Scott, supra; Texas Liquor Control Board v. Smalley, 129 S.W.2d 466 (Tex.Civ.App.—Texarkana 1939, no writ hist.). Appellee, Big Country Club, failed to sustain its burden of showing that reasonable minds could not have reached the conclusion reached by the Administrator. Whether we would have reached the same conclusion as the Administrator is unimportant. Texas Liquor Control Board v. Armstrong, supra.

The judgment of the trial court is reversed and judgment is rendering affirming the order of the Administrator of the Texas Alcoholic Beverage Commission.