**Ex parte VELASCO.**

**No. 2738.**

Court of Civil Appeals of Texas. Eastland.

Dec. 2, 1949.

Rehearing Denied Jan. 6, 1950.

Lyle V. Timmins, Raymondville, for appellant.

Robinson & Strawn, Raymondville, for appellee.

COLLINGS, Justice.

Pete Velasco filed an application with the County Judge of Willacy County, Texas, for a retail dealer's license to sell beer in

the town of San Perlita in said County. The County Judge denied the license and Velasco appealed to the District Court. Upon the trial in the District Court, judgment was entered reversing the decision of the County Judge and granting a license to appellee. From such judgment, the State, by and through the Hon. Lyle V. Timmins, County and District Attorney for said County, brings this appeal.

Section 6(d) of Article 667, Vernon's Annotated Penal Code, concerning the hearing upon application for a license to sell beer provides as follows: "If upon hearing upon the petition of any applicant for a license the county judge finds any facts stated therein to be untrue, the application shall be denied; and it shall be sufficient cause for the county judge to refuse to grant any license when he has reason to believe that the applicant will conduct his business of selling beer at retail in a manner contrary to law or in any place or manner conducive to the violation of the law or likely to result in any jeopardy to the peace, morals, health, or safety of the general public."

The County Judge, in denying Velasco's application for such license, found that "the facts as set forth in the application are true but that other lawful reason exists to warrant the denial thereof." The order further specified that the license was denied on "account of jeopardy of morals, health, and peace of general public."

■ Appellant contends, in point No. 1, that the trial court erred in holding and in basing its judgment upon the fact that no evidence was submitted to the County Judge in his hearing on the beer license. It has been held in such cases that the test is not whether the County Judge heard evidence sufficient to support an order granting or refusing a license, but that the purpose of a hearing in the District Court is to determine from the evidence presented in that court whether at the time the order was entered by the County Judge, there were sufficient facts to justify it. State v. Peeler, Tex.Civ.App., 200 S.W.2d 874; Railroad Commission et al. v. Shell Oil Company, Inc., et al., 139 Tex. 66, 161 S. W.2d 1022.

In Point No. 4, appellant contends that the District Court erred in reversing the decision of the County Judge because such decision followed the recommendation of peace officers as provided in Art. 667—6, V.A.P.C. of Texas. That portion of the statute referred to reads as follows: "In the granting or withholding of any license to sell beer at retail, the county judge in forming his conclusions shall give due and proper consideration to any recommendations made by the district or county attorney or the sheriff of the county, and the mayor and chief of police of any incorporated city or town wherein the applicant proposes to conduct his business and to any recommendations made by representatives of the Board."

■ It appears from the record that the constable and Investigator for the Liquor Control Board recommended a refusal of the license but the deputy sheriff, in effect, recommended that it should be granted. Even if there was no conflict in the recommendations of the peace officers, it is thought that it was not the intention of the Legislature that such recommendations should be conclusive. They are only persuasive and the court is not bound to follow them. Jones v. Marsh et al., Tex. Sup., 224 S.W.2d 198.

■ The effect of appellant's contentions in points two, three, five and six is that the District Court erred in overruling the decision of the County Judge because the evidence showed that it was supported by substantial evidence. This, of course, is the important question of the case. If substantial evidence was introduced in the District Court to support the decision of the County Judge, that decision should be permitted to stand and the District Court erred in reversing it. Railroad Commission v. Shell Oil Company, supra; Trapp v. Shell Oil Company, 145 Tex. 323, 198 S.W.2d 424; State v. Peeler, supra; Railroad Commission v. Sterling Oil & Refining Co., 147 Tex. 547, 218 S. W.2d 415; Texas Liquor Control Board v. Blacher, Tex.Civ.App., 115 S.W.2d 1030; Texas Liquor Control Board v. Jones, Tex. Civ.App., 112 S.W.2d 227; Jones v. Marsh, supra.

On the trial in the District Court, several witnesses were heard, including the Constable, Superintendent of Schools, an Inspector for the Liquor Control Board and a Deputy Sheriff. Velasco also took the witness stand. There is nothing in the record unfavorable to Velasco's reputation as a law abiding citizen. On the contrary, the deputy sheriff testified that he knew Velasco to be a law abiding citizen who had operated beer parlors in the past in a lawful manner and that he had always cooperated with the officers.

The principal objection urged against the issuance of a license was the location of the proposed beer parlor. The evidence shows that the main business district of San Perlita is in one block on a street which runs north and south through the town. The principal part of such district is on the west side of the street where there are six places of business, including the post office and two beer parlors. One of these beer parlors is two doors from the post office and the other is four doors away and both of them must be passed in going from the post office to the school building which is on the same side of the street some two or three blocks south. There are no beer parlors, in fact, there is only one building on the east side of the street and it is almost directly across the street from the post office. It is in this building that Velasco desires to operate a beer parlor. The building has a front entrance which faces the post office and a back entrance which faces the alley. He now operates a cafe in the front portion and plans to have the beer parlor in the back. There is no entrance from the cafe to the back part of the building. Velasco testified that he did not intend to sell beer in the cafe. The building is two stories and the upper part has rooms equipped as living quarters.

It is urged, in effect, (1) that the operation of a beer parlor at the place contemplated would, by reason of being across the street from the post office, cause a traffic hazard; (2) that its proposed location at the rear of the building with its only entrance from an alley, with rooms above, would not constitute a wholesome situation; (3) that there would be no stopping place for families who came to town or to the post office with people drinking beer and going back and forth across the street; (4) that the above situations would be aggravated by the large influx of workers during the vegetable and cotton seasons. (5) It was also urged that the granting of the license would make too many beer parlors in their small community.

Upon the County Judge is placed the responsibility of granting or refusing licenses to sell beer. He is authorized by statute to refuse licenses for various reasons, one of which is, "When he has reason to believe that the applicant will conduct his business * * * in any place * * * likely to result in any jeopardy to the peace, morals, health, or safety of the general public." The question of what would jeopardize the peace, morals and safety of the community is not capable of solution by set rule or formula. The considerations are abstract and complex and subject to great difference of opinion. The most satisfactory approach is by sound judgment and discretion under all the facts and circumstances exercised with full regard to the rights of individuals and the purpose and intent of the law. The Legislature has been fit to place this discretion in the hands of the County Judge, and his discretion should not be disturbed unless it is apparent that he acted arbitrarily and unreasonably. The test of whether the County Judge's action is arbitrary and unreasonable. is the same as that applicable to other administrative agencies or officers, to-wit: is the evidence as a whole such that reasonable minds could not have reached the same conclusion? If it is, the decision must be set aside. Otherwise, the matter lies within the sound discretion of the administrative officer. The location and surroundings of a proposed retail beer business and the number of such licensed establishments in the community are proper considerations and may be the basis for the refusal of a license. State ex. rel. Higgins v. City of Racine, 220 Wis. 107,

264 N.W. 490; Thielen v. Kostelecky, 69 N.D. 410, 287 N.W. 513, 124 A.L.R. 820; Jones v. Marsh, supra.

After a careful consideration of the record, we have reached the conclusion that there was substantial evidence to support the decision of the County Judge and that the District Court erred in setting it aside. The judgment of the District Court is, therefore, reversed and judgment here rendered affirming the decision of the County Judge and declaring invalid and void the license authorized by the District Court.