**TEXAS LIQUOR CONTROL BOARD,**
Appellant,

v.

**Blas POMPA, Appellee.**

No. 13102.

Court of Civil Appeals of Texas.

San Antonio.

Jan. 30, 1957.

Hubert W. Green, Jr., Criminal Dist. Atty., K. Key Hoffman, Asst. Dist. Atty., San Antonio, for appellant.

A. A. Semaan, San Antonio, for appellee.

POPE, Justice.

The trial court set aside an order of the County Judge which denied the application of Blas Pompa for a beer license, and the Texas Liquor Control Board appealed. The question is whether the order of the County Judge, as an administrator, was reasonably supported by substantial evidence. Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198; State v. Pecler, Tex.Civ.App., 200 S.W.2d 874. The order refusing the license was reasonably supported by substantial evidence.

The County Judge in passing upon an application for a beer license may consider the several factors listed in Art. 667–6(d), Texas Liquor Control Act, but he is not limited to those matters. Jones v. Marsh,

Tex.Civ.App., 223 S.W.2d 29; Ramos v. Austin, Tex.Civ.App., 220 S.W.2d 528. The Act expressly and broadly empowers the judge to examine the place in which the permit will exist and also to inquire into the jeopardy to the peace, morals, health, or safety of the general public.

Whether the place or area is wet or dry is a factor. Murphree v. Burroughs, Tex.Civ.App., 226 S.W.2d 509. If wet, how wet, is also an important factor. In Jones v. Marsh, supra, this Court determined that the location of the beer outlet in an area where taverns were concentrated was a legitimate reason for refusing a license. Accord, Ex parte Velasco, Tex.Civ.App., 225 S.W.2d 921. There were already twenty or twenty-five bars within a three block radius of applicant's place. A police officer estimated that in the larger general area there were from one to two hundred bars. Whether an area is saturated with beer licenses is an appropriate inquiry by the administrator in making his decision.

The records of the Liquor Control Board were produced and they showed that Pompa's license was suspended on October 15, 1951, for fourteen days, for permitting intoxicated persons to remain on his premises; again, on May 11, 1953, it was suspended for ten days, for the same reason; and on January 10, 1955, it was suspended for thirty days, because of the possession of an illegal beverage and the sale of whiskey by his agent, who pleaded guilty to the sale and paid a fine. Pompa urges that this record is not substantial evidence, since the Liquor Control Board did not protest Pompa's application for a renewal of his license in 1955. He urges also that the Board has waived its right to protest his application in 1956. Perhaps the Liquor Control Board should have protested in 1955, but the order granting him a beer license did not erase Pompa's prior record, nor close the door to facts which happened before the date of the grant. Texas Liquor Control Board v. Metcalfe, Tex.Civ.App., 256 S.W.2d 117;

Eckert v. Jacobs, Tex.Civ.App., 142 S.W.2d 374, 378.

When, as here, the record reveals an area in which there are too many licensees, the administrator does not manifest an arbitrary attitude when he eliminates those whose record of law observance has not been good.

The judgment of the District Court is reversed and the order of the County Judge, affirmed.