Clint C. BLACKMAN, Jr., E. B. Yale and Thrifty-Man No. 4, Ltd., Plaintiffs-Appellants,

v.

The CITY OF BIG SANDY, TEXAS, and Steve Prociw, et al., etc., Defendants-Appellees.

No. 74–3021

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 7, 1975.

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Earl Roberts, Jr., Longview, Tex., for plaintiffs-appellants.

Lowell C. Holt, Gilmer, Tex., for defendants-appellees.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

On June 1, 1971, Big Sandy, Texas went "wet," as the voters of the City chose to legalize the sale of beer and alcoholic beverages within the corporate limits of the City. Two of the appellants purchased land along U. S. Highway 80, and constructed a small self-service gasoline station, which they subsequently leased to a third appellant. Apparently one of the purposes in constructing the station was to acquire a license to sell beer at the location, and soon after completing construction, appellants applied for a permit to sell beer.

The service station was directly across the street from a church, however, and a license could not be secured as the City had passed an ordinance prohibiting the sale of alcoholic beverages within 300 feet of any church. See Vernon's Texas Code Ann., Penal Code Art. 666–25a. Appellants then arranged to have their building winched backwards away from the street and the church, until it came to rest a few feet outside the zone of prohibition. Before a permit was issued, the City then passed a comprehensive zoning ordinance classifying a portion of the City as a class "B" residential district in which the sale of intoxicating beverages was prohibited. This ordinance was passed under the authority of Vernon's Texas Code Ann., Penal Code Art. 667–10½, which provides that "cities and towns may also designate certain zones in the residential section or sections of said cities and towns . . . where such sales [of beer] may be prohibited." No business establishment, including appellants', was retroactively affected. The ordinance did not affect the preexisting commercial uses in the area so zoned, except that no business will be permitted to sell intoxicating beverages. Appellants contend that this action denies them an expected $500 a month profit, and note that other businesses in other areas are not so affected. Contending the City's action is arbitrary, discriminatory and confiscatory, appellants assert the zoning ordinance is unconstitutional as applied.

This Court has noted previously that our review of zoning decisions is limited, and that in cases challenging the propriety of property classifications "[t]he only question which federal district courts may consider is whether the action . . . is arbitrary and capricious, having no substantial relation to the general welfare." South Gwinnett Venture v. Pruitt, 5 Cir., 1974, 491 F.2d 5, 7 (en banc); see also Higginbotham v. Barrett, 5 Cir., 1973, 473 F.2d 745, 747. The facts clearly establish a reasonable basis for the City's decision. Not only is one church directly across the street from the location where appellants propose to sell beer, but three other churches and a school, as well as a number of residences, are located nearby. The City might be legitimately concerned about the presence of a liquor establishment and its accompanying traffic in the midst of homes, churches and a school. The Supreme Court has recently made clear that zoning decisions "addressed to family needs" are permissible ones.

> The police power is not confined to elimination of filth, stench, and unhealthy places. It is ample to lay out zones where family values, youth values, and the blessings of quiet seclusion, and clean air make the area a

sanctuary for people. Village of Belle Terre v. Boraas, 416 U.S. 1, 9, 94 S.Ct. 1536, 1541, 39 L.Ed.2d 797 (1974).

The City did not take from appellants something they previously had, nor limit or preclude a preexisting use. There thus is presented no element of confiscation. The contention that the ordinance is discriminatory because establishments elsewhere, including one located only two blocks from appellants' station, are permitted to sell liquor is easily answered. "A nuisance may be merely the right thing in the wrong place, like a pig in the parlor instead of the barnyard. If the validity of the legislative classification for zoning purposes be fairly debatable, the legislative judgment must be allowed to control." Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 388, 47 S.Ct. 114, 118, 71 L.Ed. 303 (1926).

The decision of the lower court dismissing the complaint for want of a substantial federal question is

Affirmed.