**FOUR STARS FOOD MART, INC., d/b/a Sunshine Food Mart, Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.**

No. 2–95–149–CV.

Court of Appeals of Texas, Fort Worth.

April 25, 1996.

Publication Ordered June 3, 1996.

268

Acuff, Gamboa & Moore, L.L.P. and John L. Gamboa, Fort Worth, for appellant.

Dan Morales, Atty. Gen., and Dewey A. Brackin, Asst. Atty. Gen., Austin, for appellee.

Before LIVINGSTON, DAUPHINOT and BRIGHAM, JJ.

## OPINION

PER CURIAM.

Appellant Four Stars Food Mart, Inc. d/b/a Sunshine Food Mart filed an application for renewal of its alcohol permit. The application was protested by a local citizens group, the Rolling Hills Citizens on Patrol. The county court, sitting in its administrative capacity, denied Sunshine's application. Sunshine appealed to the trial court, which affirmed the county court's denial, holding that the denial was reasonably supported by substantial evidence. Sunshine now appeals to this court, claiming that the trial court erred in upholding the county court's determination because: (1) the protestors did not file an adequate bond, which made it an invalid protest; and (2) many of the county court's findings of fact and conclusions of law were not supported by substantial evidence that justified the denial of the application. Because we find that the bond was adequate and that the county court's findings and conclusions were supported by substantial evidence, we affirm.

## SECURITY FOR COSTS
## BY PROTESTORS

In its first point of error, Sunshine alleges that because Rolling Hills filed its bond late and in an insufficient amount, the administrative county court did not have jurisdiction to hear its protest.

A contest to an alcohol license application may be heard under the following conditions:

Any person may contest the facts stated in an application for a license to distribute, manufacture, or sell beer at retail, or the applicant's right to secure a license, if he gives security for all costs which may be incurred in the contest if the case should be decided in favor of the applicant. No security for costs may be required of an officer of a county or incorporated city or town.

TEX. ALCO. BEV.CODE ANN. § 61.39 (Vernon 1995). The statute does not specify how much the security should be or when it must be filed, only that it should cover all costs that Sunshine would incur if successful.

▆▆▆ The record shows that on the day of the hearing, Rolling Hills filed a $150 security bond. Contrary to Sunshine's assertion, the security requirement is not jurisdictional and can be waived. *State v. Gutschke,* 149 Tex. 292, 233 S.W.2d 446, 448 (1950). However, a contest may be dismissed if the security is never given by the protestors. *Morton v. Plummer,* 334 S.W.2d 322, 324 (Tex.Civ.App.—Austin 1960, no writ) (dictum). That is not the case here: Rolling Hills deposited its security on the day of the hearing. We cannot say that this was impermissibly late primarily because the legislature has not put a time limit on its filing in the statute. Likewise, we cannot say that the amount was insufficient when Sunshine merely states that it was insufficient without pointing us to any facts that show why it was insufficient.[1] The amount of a bond is within the sound discretion of the court. *Cf. Northwest Bank v. Garrison,* 874 S.W.2d 278, 281 (Tex.App.—Houston [1st Dist.] 1994, no writ) (court has discretion in setting the bond amount in a temporary injunction).

Sunshine's first point of error is overruled.

## SUBSTANTIAL EVIDENCE TO DENY THE APPLICATION

Sunshine's second point of error alleges that some of the county court's findings of fact and conclusions of law were not supported by substantial evidence in the record.

▆▆▆ A county judge who rejects an application for an alcohol license is acting administratively on behalf of the Texas Alcoholic Beverage Commission. *Lindsay v. Sterling,* 690 S.W.2d 560, 562 (Tex.1985). Both the trial court's and our review of final orders issued by the TABC are governed by the substantial evidence rule. TEX. ALCO. BEV.CODE ANN. §§ 11.67(b), 61.34(a) (Vernon 1995); *Lindsay,* 690 S.W.2d at 562; *Bavarian Properties, Inc. v. Texas Alcoholic Beverage Comm'n,* 870 S.W.2d 686, 688 (Tex. App.—Fort Worth 1994, writ denied). Substantial evidence is more than a mere scintilla, and the evidence in the record may preponderate against the county court's decision but still amount to substantial evidence. *Bavarian Properties,* 870 S.W.2d at 688; *see Haynes v. City of Abilene,* 659 S.W.2d 638, 640 (Tex.1983). The review by the trial court is more limited than in a trial de novo; an appellate court is to decide if the order is reasonable. *City of San Antonio v. Texas Water Comm'n,* 407 S.W.2d 752, 756 (Tex. 1966). Under the substantial evidence rule, the burden of proof is on the licensee to show that the administrative order was not reasonably supported by substantial evidence, rather than by a preponderance of the evidence. *Texas Health Facilities Comm'n v. Charter Medical–Dallas, Inc.,* 665 S.W.2d 446, 453 (Tex.1984); *City of San Antonio,* 407 S.W.2d at 758.

▆▆▆ In applying this rule, we are to determine whether reasonable minds might have reached the same decision that the county court did based on the evidence that was introduced. *Texas Alcoholic Beverage Comm'n v. Sierra,* 784 S.W.2d 359, 360 (Tex. 1990). We are only concerned with the reasonableness of the order, not with its correctness. *Id.* at 361. The county court's findings, inferences, conclusions, and decisions are presumed to be supported by substantial evidence, and the burden is on the complain-

1. Sunshine stated in its brief to this court and to the trial court that the record alone cost over $800. But, Sunshine did not offer any evidence to prove up this cost; it merely relayed that this was the amount of the record without any supporting evidence, such as an affidavit from the court reporter.

ing party to show that they are not. *Texas State Bd. of Dental Examiners v. Sizemore*, 759 S.W.2d 114, 116 (Tex.1988), *cert. denied*, 490 U.S. 1080, 109 S.Ct. 2100, 104 L.Ed.2d 662 (1989); *Bavarian Properties*, 870 S.W.2d at 688. We are not bound by the reasons given by the county court, provided there is a valid basis for its action. *Texas Health Facilities Comm'n*, 665 S.W.2d at 452.

The county court made the following findings of fact and conclusion of law at the original administrative hearing:

### FINDINGS OF FACT

. . . .

3. SUBSTANTIAL EVIDENCE INDICATES SPECIFIC CRIMINAL ACTS INCLUDING REPEATED SALE OF ALCOHOLIC BEVERAGES DURING PROHIBITED HOURS, CONSUMPTION OF ALCOHOLIC BEVERAGES ON A PROHIBITED PREMISE AND SALE OF ALCOHOLIC BEVERAGES TO MINORS.

4. THE PREMISE HAS BEEN THE SITE OF FATAL DRIVE–BY SHOOTINGS.

5. WHILE OPEN FOR BUSINESS, THE PREMISE HAS BEEN THE SITE OF WEEKLY LARGE SCALE GANG GATHERINGS.

6. STORE EMPLOYEES TOOK NO ACTION AFTER REPEATEDLY WITNESSING ACTIVITY CONSISTENT WITH THE DRIVE–UP SALE OF NARCOTICS ON THE LICENSED PREMISE.

### CONCLUSIONS OF LAW

. . . .

2. THE PLACE AND MANNER IN WHICH [Sunshine] CONDUCTS [its] BUSINESS WARRANTS A REFUSAL BASED ON THE GENERAL WELFARE, HEALTH, PEACE, MORALS, SAFETY, AND SENSE OF DECENCY OF THE PEOPLE.

**2.** Although Sunshine's second point of error is multifarious, we will address its complaints in

Sunshine also alleges in this point of error that the findings of fact and conclusions of law are defective because they are not accompanied by a concise and explicit statement of the underlying facts. Sunshine's final attack on the county court's decision is that it was discriminatory to deny its application because other businesses in the area got their licenses renewed.[2]

Sunshine filed a motion for rehearing and, among other challenges, challenged fact findings three, four, and five and the second conclusion of law. Sunshine did not challenge the other findings and conclusions that it challenges in this court, nor did it raise its discrimination or inadequate findings allegations in its motion for rehearing. During oral argument, Sunshine's appellate counsel stated that raising these complaints in the trial brief was sufficient to preserve them for our review. We disagree.

In administrative proceedings, a motion for rehearing is a prerequisite to an appeal in a contested case. TEX. GOV'T CODE ANN. § 2001.145 (Vernon Pamph.1996). The motion for rehearing must be sufficiently definite to apprise the agency or court of the claimed error so the agency or court has the opportunity to cure the error or defend the order. *El–Kareh v. Texas Alcoholic Beverage Comm'n*, 874 S.W.2d 192, 196 (Tex. App.—Houston [14th Dist.] 1994, no writ). To meet this requirement, the party must state in the motion for rehearing the particular finding the party asserts was error and the legal basis upon which the claim rests. *Morgan v. Employees' Retirement Sys.*, 872 S.W.2d 819, 821 (Tex.App.—Austin 1994, no writ). Failure to assert a point of error in a motion for rehearing will result in waiver of the error. *Id.* Thus, we will consider Sunshine's challenges to findings of fact three, four, and five and the second conclusion of law, which were raised in its motion for rehearing. *El–Kareh*, 874 S.W.2d at 196.

Sunshine challenges the third fact finding, stating that the evidence showed that the minors could have gotten the alcohol

the interest of justice.

by stealing it, not by buying it. Further, Sunshine argues that there was no evidence before the county court that anyone drank the alcohol on prohibited premises. In its motion for rehearing, Sunshine challenged this finding, stating that "[t]hese allegations are on appeal and any reference to such is a violation of [Sunshine's] due process as guaranteed by the United State[s] Constitution and Texas Constitution." Sunshine did not raise the same legal challenge in the county court that it asserts in this court; therefore, this complaint is waived. *See Morgan*, 872 S.W.2d at 820–21.

■ Sunshine challenges the fourth finding of fact by alleging that the drive-by shootings were random and did not involve the store. It also asserts that they were not alcohol-related shootings. Sunshine finally argues that drive-by shootings are not a valid basis for denial of an application under the Texas Alcoholic Beverage Code. Thus, Sunshine concludes that there was insubstantial evidence to support this finding.

■ We will start with Sunshine's allegation that the occurrence of drive-by shootings is not a listed reason for denying an alcohol license. Sunshine is correct in stating that drive-by shootings are not specifically named as a legitimate ground for refusal. *See* TEX. ALCO. BEV.CODE ANN. §§ 61.42—61.43 (Vernon 1995). While section 61.42 identifies several specific grounds for refusing a license, section 61.42(a)(3) states that a county judge shall refuse to approve an application if the judge has reasonable grounds to believe and finds that a refusal is warranted based "on the general welfare, health, peace, morals, safety, and sense of decency of the people." TEX. ALCO. BEV.CODE ANN. § 61.42(a)(3) (Vernon 1995); *Texas Liquor Control Bd. v. Pompa*, 298 S.W.2d 605, 605–06 (Tex.Civ. App.—San Antonio 1957, no writ) (interpreting current statute's predecessor). Through this general language, the county judge may refuse to issue a license based on peace and safety considerations such as drive-by shootings.

The substantial evidence shows that there were drive-by shootings on the store's property. One shooting occurred when someone drove out of Sunshine's parking lot and shot and killed someone who was on the store's parking lot. Another store customer was injured in another drive-by shooting while he was getting gas at Sunshine. It was not unusual to hear many gunshots from the Sunshine parking lot on weekend nights. It was reasonable for the county court to find that Sunshine had been the site of a fatal drive-by shooting, which is the only fact found by finding of fact number four.

■ Sunshine also challenges the fact finding that there were many "large scale gang gatherings" at the store. Sunshine again alleges that gang activity is not a listed reason to deny a business's application for an alcohol license. As we stated above, the general peace and safety language of the statute allows the court to consider reasons such as gang activity in its decision. TEX. ALCO. BEV.CODE ANN. § 61.42(a)(3) (Vernon 1995); *Pompa*, 298 S.W.2d at 605–06.

The substantial evidence shows that Sunshine was a known gang hang-out. Around 3:00 a.m. every Saturday and Sunday morning, over 100 cars with approximately 200 people would congregate in Sunshine's parking lot.[3] All the other businesses on the street where Sunshine is located closed by 10:30 p.m. The people gathered would play loud music, bounce their hydraulic cars, smoke marijuana, shoot guns, curse, and buy alcohol.[4] They would also urinate on and around Sunshine. The police knew these people were gang members because they were wearing the gang's colors and would flash the gang's hand symbols. It was reasonable for the county court to find that this was a place for large gang gatherings.

■ Finally, Sunshine challenges the court's conclusion that the refusal of the renewal application was warranted based on "the general welfare, health, peace, morals, safety, and sense of decency of the people."

---

3. Because of the large volume of cars, they would spill over into the street and to parking lots of the closed businesses next to Sunshine.

4. Sunshine was selling the alcohol to minors after legal hours.

**272**

Sunshine alleges that there is no substantial evidence to support this conclusion.

 Whether an applicant would conduct his business so as to jeopardize the peace, morals, health, or safety of the general public can not be determined by a set formula. *Ex parte Velasco*, 225 S.W.2d 921, 923 (Tex.Civ.App.—Eastland 1949, no writ). The legislature has given the county courts great discretion in making this determination, and we will not disturb it unless it is apparent the judge acted arbitrarily and unreasonably. *Id.* In other words, we will uphold this conclusion of law if it is supported by substantial evidence.

Sunshine was selling alcohol to minors. Sunshine was also selling alcohol after legal selling hours and was cited for this at least eight times. Witnesses testified that Sunshine would sell the alcohol through a drive-up window. In fact, a few weeks before the hearing on Sunshine's renewal application, Sunshine put up a brick wall that blocked the view to the drive-up window.

As we discussed above, many violent, disruptive, and illegal acts were committed at Sunshine. Testimony showed that the owners of the store never called for police help when these gang meetings occurred on the weekends and permitted and facilitated the activities. If the officers entered the store and told the minors that they needed to leave, the store owners would get upset because the police were scaring off their business. Further, Sunshine's permit was canceled for the "after hours" selling violations, but the owners' mother got the permit reissued in her name. The testimony showed that the family that owns Sunshine lives across the street from Sunshine and knew everything that went on. The store is "filthy," the "patrons are rude," and "nobody really cares about anything." The record shows that the owners condoned the disruptive and illegal activity that occurred at their store. Five police officers testified that Sunshine disturbed the peace of the neighborhood and was a threat to the community. In fact, one of the officers was concerned for his own safety when he had patrolling duty at Sunshine.

The substantial cumulative evidence shows that Sunshine was jeopardizing the general welfare, health, peace, morals, safety, and sense of decency of the area residents. It was not unreasonable for the county court to make this conclusion of law.

Because the county court's findings and conclusion were supported by substantial evidence and because Sunshine has waived its remaining complaints, the trial court was correct to affirm the county court's denial of Sunshine's renewal application. For the same reason, we overrule Sunshine's second point of error.

Sunshine's points of error are overruled, and we affirm the judgment.