**HOODA CORPORATION, INC. d/b/a
Esters Chevron, Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE
COMMISSION, Appellee.**

**No. 05–11–00064–CV.**

Court of Appeals of Texas,
Dallas.

May 24, 2012.

John L. Gamboa, Acuff & Gamboa LLP, Fort Worth, TX, for Appellant.

Michael C. Crowley, Assistant Attorney General, Administrative Division, Austin, TX, for Appellee.

Before Justices MORRIS, FILLMORE, and MYERS.

## OPINION

Opinion By Justice MORRIS.

This appeal challenges an administrative order denying an application to renew a wine and beer retailer's off-premise permit. In a single issue, Hooda Corporation, Inc. d/b/a Esters Chevron contends the denial of its application based on an alleged violation of a zoning ordinance was not supported by substantial evidence. Because there was no substantial evidence, Hooda argues the county judge erred in refusing to renew the permit and the trial court erred in affirming the county judge's order. After reviewing the record, we conclude Hooda's argument is without merit. We affirm the trial court's judgment.

## I.

Hooda Corporation, Inc. d/b/a Esters Chevron filed an application with the Texas Alcoholic Beverage Commission to renew its wine and beer retailer's off-premise permit. The city secretary of the City of Irving protested the renewal alleging that the place or manner in which Hooda conducted its business required the denial of Hooda's application. Specifically, the city secretary alleged that Hooda's business was being conducted in violation of the City's Comprehensive Zoning Ordinance No. 1144 as amended by ordinance ORD–2008–9009 because it was selling alcoholic beverages within three hundred feet of a private school. The TABC rejected Hooda's renewal application and referred the matter to a county judge for an administrative hearing.

At the administrative hearing, Steven A. Reed, head of the zoning department for the City, testified that he was familiar with the city ordinance at issue. The ordinance, as amended, states,

> The sale of alcoholic beverages within three hundred (300) feet of a church, public or private school, or public hospital is hereby prohibited. The measurement of the distance between the place of business where alcoholic beverages are sold and the church or public hospital shall be along the property lines of the street fronts and from front door to front door and in a direct line across intersections. The measurement of the distance between the place of business where alcoholic beverages are sold and the public or private school shall be ... in a direct line from the property line of the public or private school to the property line of the place of business, and in a direct line across intersections. . . .

Reed testified that the City determined Hooda's property line was forty feet from the property line of the Holy Family of Nazareth School, a private Catholic grade school. An aerial photograph demonstrating the distance between the properties was admitted into evidence. Based on the City's measurement of the distance between the properties, Reed testified that Hooda was in violation of the zoning ordinance. Reed conceded that Hooda's original permit to sell alcohol was granted in error.

On cross-examination, Reed stated that the Holy Family of Nazareth School was part of the Holy Family of Nazareth Catholic Church, which was located on the same property. Reed further stated that, to the best of his knowledge, the church owned the property at issue. Reed acknowledged that, under the zoning ordinance, the method used to measure the proximity of a business selling alcohol to a church was different than the method used to measure the proximity of such a business to a school. Reed also acknowledged that the ordinance did not directly address the circumstance of a school and a church being located on the same property.

Hooda contended that, because the ordinance did not address the proper method of measuring the distance between a business selling alcohol and a school when the school was located on the same property as a church, the ordinance was too vague to be enforced in this case. Alternatively, because the property at issue was owned by the church, Hooda argued the measurement method used to determine the distance between the two properties should be the one applicable to churches. Reed testified he did not know the distance between Hooda's property and the church's property using the method of measurement applicable to churches.

After hearing the evidence, the county judge signed an order denying Hooda's application to renew its wine and beer off-premise permit and issued findings of fact

and conclusions of law. In his conclusions, the judge stated the City's zoning ordinance was not vague and the proper method of measuring the distance between the two properties at issue in this case was the one applicable to schools. The judge further concluded the City had proven that Hooda's property line was less than 300 feet from the property line of a private school and, therefore, the sale of alcoholic beverages on Hooda's property would violate the zoning ordinance. Finally, because Hooda's sale of alcohol would violate the ordinance, the judge refused to renew Hooda's permit based on his concern for the "general welfare, health, peace, morals, safety, and sense of decency of the people living in the community."

Hooda appealed the county judge's order to the district court pursuant to section 61.34 of the Texas Alcoholic Beverage Code. After reviewing the record and the arguments of counsel, the district court found that the county judge's order was supported by substantial evidence. Hooda now brings this appeal asking us to reverse the district court's judgment affirming the county judge's order.

## II.

■ Hooda asserts a single issue contending there is no substantial evidence to support the county judge's order denying its permit application because the judge applied the wrong method of measurement to determine whether Hooda was in violation of the zoning ordinance. The substantial evidence rule governs our review of both the county judge's administrative order and the trial court's judgment affirming the order. *See Four Stars Food Mart, Inc. v. Texas Alcoholic Beverage Comm'n,* 923 S.W.2d 266, 269 (Tex.App.-Fort Worth 1996, no writ). The burden is on Hooda, as the licensee, to show that the administrative order was not reasonably sup-

ported by substantial evidence. *Id.* Substantial evidence must be more than a mere scintilla, but the evidence may preponderate against the county court's decision and still amount to substantial evidence. *Id.*

■ Texas law has long recognized a legitimate concern in regulating the location of a business selling alcohol for purposes of protecting the general welfare. *See Blackman v. City of Big Sandy,* 507 F.2d 935, 936 (5th Cir.1975). A county judge must deny an application for a license to sell alcohol if he has reasonable grounds to believe and find that "the place or manner in which the applicant for a retail dealer's license may conduct his business warrants a refusal based on the general welfare, health, peace, morals, safety, and sense of decency of the people living in the community." *See* TEX. ALCO. BEV.CODE ANN. § 61.42(a)(3) (West Supp. 2011). In addition, the Texas Legislature has specifically recognized that the sale of alcohol in the vicinity of churches and schools should be regulated. As a reflection of this, the legislature enacted section 109.33 of the Alcoholic Beverage Code. This section allows a city to adopt regulations prohibiting the sale of alcoholic beverages within three hundred feet of a church or a public or private school. *See* TEX. ALCO. BEV.CODE ANN. § 109.33 (West 2007).

Pursuant to section 109.33, the City of Irving amended its zoning ordinance number 1144 to prohibit the sale of alcohol within three hundred feet of a church or school. The amendment states in its preamble that the prohibition is "in the best interest of the public and in support of the health, safety, morals, and general welfare of the citizens." Because the clear intent of the ordinance and the statute upon which it was based is to protect the public welfare, we conclude a violation of

the ordinance gives a county judge reasonable grounds to find that the place or manner in which the applicant conducts its business constitutes a threat to the general welfare, health, peace, morals, safety, and sense of decency of the people living in the community and such a finding would require denial of an application to sell alcohol under section 61.42(a)(3) of the Code.

The central issue here, then, is whether the record contains substantial evidence that the location of Hooda's business was in an area where the sale of alcohol was prohibited. If it was, the county judge had reasonable grounds to find Hooda's sale of alcohol was a threat to the general welfare of the community and denial of the permit application was proper under section 61.42(a)(3). Hooda does not dispute that the City proved Hooda's business was located within three hundred feet of a school and therefore within an area where the sale of alcohol was prohibited, if the method of measurement used to determine the distance between the properties was the property line to property line method applicable to schools. Hooda argues only that the proper method of measurement in this case is the door to door method applicable to churches and there is no evidence to show that Hooda's business was within an area prohibited from selling alcohol using that method of measurement.[1]

The City's zoning ordinance tracks the language of Texas Alcoholic Beverage Code section 109.33. *See id.* Both the statute and the ordinance measure the distance between a business selling alcohol and a church from door to door and the distance between a business selling alcohol and a school from property line to property line. *Id.* The same rules of construction apply to both the statute and the ordinance. *See Howeth Invs., Inc. v. City of Hedwig Village,* 259 S.W.3d 877, 904 (Tex. App.-Houston [1st Dist.] 2008, pet. denied). Our primary duty is to carry out the intentions of the legislative body enacting the law, and we begin with its plain language. *Id.*

The language of the ordinance clearly prohibits a business from selling alcohol if its property line is within 300 feet of the property line of a school. Hooda argues that the ownership of the property should determine the method of measurement used in determining a zoning violation and, in this case, the property where the school was located was owned by the church. Essentially Hooda is arguing that, because the church owned the property, the presence of the school was irrelevant. To adopt Hooda's interpretation of the ordinance would nullify the specific protection given to schools based solely on the ownership of the property on which the school is located. Nothing in the ordinance, or the statute upon which it is based, supports such an interpretation. Indeed, the different methods of measurement set forth in the ordinance and statute result in giving schools greater protection from the presence of alcohol than was granted to churches. We must conclude based on the language of the ordinance that this was the intent of the City Council when it adopted the ordinance and the Texas legislature when it enacted the law. Because Hooda's interpretation would thwart this intent, we conclude the county judge correctly concluded Hooda's business was located in an area where the sale of alcohol was prohibited. We further conclude the county judge had reasonable grounds to find that granting Hooda's application to renew its permit would endanger the general wel-

1. Hooda does not argue on appeal, as it did in the court below, that the ordinance is too vague to be enforced.

fare of the community and denial of the application was required under section 61.42(a)(3) of the Code.

In addition to its arguments on construction of the ordinance, Hooda also suggests the procedural posture of this case was improper because the City should have sought to cancel the permit at issue rather than deny Hooda's application to renew it. Cancellation of a permit requires the chief of police or the sheriff of the county in which the business is located to submit a sworn statement stating specific allegations that the place or manner in which the permittee conducts its business endangers the general welfare, health, peace, morals, or safety of the community. *See* TEX. ALCO. BEV.CODE ANN. § 61.721 (West 2007). Hooda notes that no such sworn statement was submitted in this case.

■ Hooda makes no real argument and cites no relevant authority to support its contention that the City was required to seek cancellation of the permit rather than refuse to renew it. Absent argument or authority, Hooda has not presented anything for our review. *See* TEX.R.APP. P. 38.1(i). Furthermore, Hooda does not refer us to anywhere in the record where he raised this issue before the county judge or the district court. As a general rule, a party is required to present a complaint to the court below before being able to raise the issue on appeal. *See Graham–Rutledge & Co., Inc. v. Nadia Corp.,* 281 S.W.3d 683, 688 (Tex.App.-Dallas 2009, no pet.). Accordingly, we conclude Hooda has waived this argument.

Based on the foregoing we conclude the county judge's order denying Hooda's application to renew its wine and beer retailer's off-premise permit was supported by substantial evidence. The trial court, therefore, did not err in affirming the order. We resolve Hooda's sole issue against it. We affirm the trial court's judgment.