Order filed November 30,
2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-12-00334-CV

                                                    __________

 

                          HANLON
GAS PROCESSING, LTD. AND

                            PERMIAN
LEASING, L.L.C., Appellants

                                                             V.

                   EASTLAND
COUNTY GUARDIAN, INC., Appellee



 

                                    On
Appeal from the 91st District Court

                                                          Eastland
County, Texas

                                                 Trial
Court Cause No. CV1242829

 



                                                                        

                                                                     O
R D E R

            This
is an interlocutory appeal from an order granting a temporary injunction.  Appellants,
Hanlon Gas Processing, Ltd. and Permian Leasing, L.L.C., have filed an
emergency motion for temporary relief pursuant to Tex. R. App. P. 29.3 seeking an order from this court
increasing the amount of the bond ordered by the trial court from $25,000 to
$1,248,000.  We deny the motion.

As set forth in IAC, Ltd. v. Bell Helicopter Textron, Inc.,
160 S.W.3d 191, 203 (Tex. App.—Fort Worth 2005, no pet.):

The trial court is required to set a bond when it grants a temporary injunction. Tex. R. Civ. P. 684.  The applicant
must post the bond, and it is payable to the adverse party if the temporary
injunction is dissolved at trial.  Id.  The purpose of a bond is
to provide protection to the enjoined party for any possible damages occurring
as a result of the injunction.  Bayoud v. Bayoud, 797 S.W.2d 304, 312
(Tex.App.-Dallas 1990, writ denied).  The determination of the adequacy of the
bond set by the trial court is to be made on a case-by-case basis based upon the
record before the reviewing court.  Maples v. Muscletech, Inc., 74
S.W.3d 429, 431 (Tex.App.-Amarillo 2002, no pet.); Stone v. Griffin
Communications & Sec. Sys., Inc., 53 S.W.3d 687, 696 (Tex.App.-Tyler
2001, no pet.).  The amount of a bond is within the trial court’s sound
discretion and will not be disturbed on appeal absent an abuse of that
discretion.  Four Stars Food Mart, Inc. v. Tex. Alcoholic Beverage Comm’n,
923 S.W.2d 266, 269 (Tex.App.-Fort Worth 1996, no writ); Khaledi v. H.K.
Global Trading, Ltd., 126 S.W.3d 273, 286 (Tex.App.-San Antonio 2003, no
pet.); Maples, 74 S.W.3d at 431.

 

            The
record before us does not indicate that the trial court abused its discretion
in setting the amount of the bond for the issuance of the temporary injunction.[1]
 It is the movant’s burden in a proceeding such as this to make a clear showing
that it is entitled to relief.  Maples, 74 S.W.3d at 432.  The
evidence in the record cited by appellants does not make a clear showing that
the trial court abused its discretion in setting the amount of the bond.  The
damages that appellants are claiming as a result of the temporary injunction
are speculative in that they are  predicated on a future contract that
appellants are negotiating or on a current contract that a customer might
terminate.  Additionally, appellants’ evidence is based solely on expected
gross revenues rather than lost profits.  Id.  (A showing of only expected
gross revenue is insufficient to show potential losses that might result from a
challenged injunction.).  Furthermore, appellants are asserting a potential
loss of all of the money they have spent on repairing an entire pipeline system
while the temporary injunction only involves a temporary delay of repairing a portion
of the pipeline.  Accordingly, the emergency motion for temporary relief is
denied.

 

November 30, 2012                                                                PER
CURIAM

Panel consists of: McCall, J.;

Gray, C.J., 10th Court of Appeals[2];
and Hill.[3]

 

Wright, C.J., not participating.









[1]The trial court originally set a bond in the amount of
$2,500 to be paid by appellee, Eastland County Guardian, Inc., for the issuance
of a temporary restraining order.  The trial court increased the amount of the
bond to $25,000 in its order granting the temporary injunction.

 





[2]Tom Gray, Chief Justice, Court of Appeals, 10th
District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

 





[3]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.