ACCEPTED
01-14-00102-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
8/14/2015 3:07:37 PM
CHRISTOPHER PRINE
CLERK

## NO. 01-14-00102-CV

### IN THE COURT OF APPEALS
### FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
### AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
8/14/2015 3:07:37 PM
CHRISTOPHER A. PRINE
Clerk

### NAVARRO COUNTY WHOLESALE RATEPAYERS, et al
### Appellants

### v.

### TEXAS COMMISSION ON ENVIRONMENTAL QUALITY, et al
### Appellee

### FROM THE 419th JUDICIAL DISTRICT, TRAVIS COUNTY, TEXAS

### APPELLEE, CITY OF CORSICANA, TEXAS'
### REPLY TO APPELLANTS' MOTION FOR REHEARING

Respectfully submitted,

J. KAY TROSTLE
State Bar No. 20238300
ktrostle@smithtrostle.com
**SMITH TROSTLE & HUERTA LLP**
4401 Westgate Blvd. Ste 330
Austin, Texas 78745
(512) 494-9500
(512) 494-9505 - Fax

**ATTORNEYS FOR APPELLEE,
CITY OF CORSICANA, TEXAS**

**August 14, 2015**

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................................ii

INDEX OF AUTHORITIES ........................................................................................ iii

ARGUMENT ..............................................................................................................2

    I.      Reversal and Remand is not required by Texas Government Code
           Section 2001.058(e)........................................................................................2

    II.    Reversal and Remand is not necessary or appropriate as a result of
           The Court's construction of 30 Texas Administrative Code section
           291.133 .........................................................................................................4

    III.   This Court's opinion should not be modified with respect to its
           discussion of the Corsicana mayor's comments ......................................8

CONCLUSION AND PRAYER .....................................................................................9

CERTIFCATE OF COMPLIANCE ...............................................................................10

CERTIFICATE OF SERVICE .......................................................................................10

# INDEX OF AUTHORITIES

**Cases**

*Entergy Gulf States, Inc. v. Public Utility Commission of Texas*, 173 S.W.3d 199 (Tex.App.—Austin 2005, pet. denied)..................................................................2

*Four Stars Food Mart, Inc. v. Texas Alcoholic Beverage Comm'n*, 923 S.W.2d 266, 270 (Tex. App.—Fort Worth 1996, no writ) ......................................................2

*Ray v. State Bd. of Pub. Accountancy*, 4 S.W.3d 429, 433 (Tex. App.—Austin 1999, no pet.)..........................................................................................................3

**Texas Statutes**

TEX. GOV'T CODE § 2001.058(e) ...................................................................... ii, 1, 2
TEX. GOV'T CODE § 2001.145...................................................................................2
TEX. GOV'T CODE § 2001.145(a). .............................................................................2

**Texas Agency Rules**

30 TAC § 291.133.......................................................................................... ii, 4
30 TAC § 291.133(a)(1)-(4) ...................................................................................3
30 TAC § 291.133(a)(3)(H)...................................................................... 4, 5, 6, 7

The Court correctly affirmed the trial court's judgment, and Appellants' Motion for Rehearing raises three issues that do not merit re-examination. First, the Appellants did not include in their motion for rehearing before the Texas Commission on Environmental Quality a claim under Texas Government Code § 2001.058(e) and accordingly that argument was waived and this Court properly did not address it in the Opinion. Second, the Court's Opinion properly analyzes Appellants' claim of discrimination, and the arguments raised by Appellants in seeking rehearing are without merit because they rest on an incorrect construction of the Commission's findings of fact and application of the law to the facts. Rehearing on Appellants' discrimination argument is therefore not warranted. Third, Appellants' request for clarification is inappropriate because the Court's Opinion correctly explains the applicable law, and the evidence concerning the Mayor's comment was admitted at hearing. The requested clarification concerning admissibility is therefore not necessary to the resolution of this administrative appeal and should not be the basis for granting Appellants' Motion for Rehearing. The City of Corsicana respectfully urges the Court to deny Appellants' Motion for Rehearing.

## ARGUMENT

### I. Reversal and Remand is not required by Texas Government Code Section 2001.058(e)

Appellants' first argument concerns TEX. GOV'T CODE § 2001.058(e), which directs a state agency that changes a finding of fact or conclusion of law made by an Administrative Law Judge, to state in writing the reason and legal basis for the change. Appellants' Motion for Rehearing claims that this Court failed to mention this requirement in reference to the Commission's Conclusion of Law No. 17, and therefore must reverse and remand this matter. Appellants waived this argument by failing to timely raise it before the Commission, and this Court need not address an argument that has been waived.

Appellants failed to raise TEX. GOV'T CODE § 2001.058(e) in their motion for rehearing before TCEQ, or in their petition on appeal to district court, or in their brief before the district court prior to the hearing on the merits. TEX. GOV'T CODE § 2001.145 (Administrative Procedure Act) states that "a timely motion for rehearing is a prerequisite to an appeal in a contested case."[1] In order to preserve an issue for review, the party must state in the motion for rehearing the particular issue the party asserts was error and the legal basis upon which the claim rests.[2]

---

[1] TEX. GOV'T CODE ANN. § 2001.145(a).

[2] *Entergy Gulf States, Inc. v. Public Utility Commission of Texas*, 173 S.W.3d 199 (Tex.App.—Austin 2005, pet. denied), citing *Four Stars Food Mart, Inc. v. Texas Alcoholic Beverage Comm'n*, 923 S.W.2d 266, 270 (Tex. App.—Fort Worth 1996, no writ).

Because Appellants did not preserve this issue in their motion for rehearing filed with TCEQ, they have waived the right to argue this issue on appeal.[3]

Appellants' Motion for Rehearing relegates to a footnote its argument that they were not notified that there had been a material change in the conclusion of law.[4] That argument is without merit first because the TCEQ Order included, as an Explanation of Changes, the following: "Additionally, at its November 2, 2011 Agenda Meeting, the Commission modified Conclusion of Law No. 17 to remove the statement that the public-interest review is 'limited to' the factors set out in 30 TAC § 291.133(a)(1)-(4)."[5] The Explanation of Changes in the Order gave all parties notice of the change to the Conclusion of Law, and correctly notes the change was discussed at the November 2, 2011 Agenda Meeting, of which Appellants now argue they were unaware. Second, in an attempt to excuse their failure to raise this issue in the Motion for Rehearing before the Commission, Appellants argue that the Commission's change to the Conclusion of Law was so subtle that it obfuscated the materiality of the change.[6] Appellants' argument is unsupported by any precedent or legal analysis and cannot be reconciled with the plain reading of the Explanation of Changes section of the TCEQ Order.

---

[3] *Id*., citing *Ray v. State Bd. of Pub. Accountancy*, 4 S.W.3d 429, 433 (Tex. App.—Austin 1999, no pet.)

[4] Appellants' Motion for Rehearing at 3, fn. 1.

[5] Appellants' Brief (May 7, 2014), Appendix 2 (TCEQ Final Order at p. 21).

[6] Appellants' Motion for Rehearing at 3, fn. 1.

Appellee Corsicana's Reply to Motion for Rehearing                                    3

For each of these reasons, Corsicana respectfully urges this Court to deny the Motion for Rehearing based on Appellants' first argument.

## II. Reversal and Remand is Not Necessary or Appropriate as a result of The Court's construction of 30 Texas Administrative Code section 291.133

Appellants' second argument in its Motion for Rehearing rests on a continued misunderstanding of the Commission's public interest rules, and this Court's thorough analysis of same in the Slip Opinion. Simply stated, Appellants' second argument rests on the erroneous contention that TCEQ failed to *consider* and therefore failed to make a finding that Corsicana's rates charged to the wholesale customers are discriminatory. This argument ignores both the analysis of 30 TEX. ADMIN. CODE § 291.133(a)(3)(H) in the Proposal for Decision,[7] which the Commission's Order expressly states it considered,[8] and the Findings of Fact 83 through 92 and Conclusions of Law 21 and 22 in the Commission's Order.[9] The rule addresses abuse of monopoly power, based upon a comparison of the retail rates charged by the Seller and the Purchaser. The Commission's Order includes findings of fact making the appropriate "apples to apples" comparison of retail rates, and reached the conclusion of law, based upon that comparison, that the rates do not evidence Corsicana's abuse of monopoly power.

---

[7] Appellee City of Corsicana's Brief (Jun. 6, 2014), Appendix C, Proposal for Decision at 63-69.

[8] Appellants' Brief (May 7, 2014), Appendix 2 (TCEQ Final Order at p.2).

[9] *Id.* at 14-15 and 19-20.

The rule at the center of Appellants' argument is §291.133(a)(3)(H) which provides that, when determining whether the Wholesale Seller has abused its monopoly power, the Commission shall weigh all relevant factors, which may include a comparison of seller's rates for water service charged to its retail customers to the retail rates the purchaser charges its retail customers *as a result of* the wholesale rate the seller demands from the purchaser. As this Court explained, "the Commission determines whether the rate unfairly discriminates against wholesalers by comparing the rate Corsicana charges its own retail customer with the rate that the Ratepayer charge their retail customers as a result of the wholesale rate it pays Corsicana."[10] The Appellants' claim that the disputed rate treats wholesale and retail customers differently, *i.e.*, in a discriminatory manner, was not supported by the record, as the Court correctly notes at page 18 of the Slip Opinion.

The Appellants' argument rests on the absence of the word "discrimination" in the findings of fact, but the findings of fact unequivocally make the comparison between the rates the provider charges its retail customers and the rates the wholesale customer charges its retail customers, pursuant to 30 TEX. ADMIN. CODE § 291.133(a)(3)(H). Ratepayers' argument at hearing that this comparison of rates evidenced discrimination was considered, but was not persuasive. The

---

[10] Slip Opinion at 17.

Commission expressly considered whether there was a difference or disparity or discrimination, between the retail rates charged by Corsicana in comparison to retail rates charged by the Wholesalers to their retail customers as a result of Corsicana's rates. The Proposal for Decision devotes seven pages to this issue and concludes as follows:

> The ALJ concludes that the comparison called for by 30 TAC § 291.133(a)(3)(H) shows that an average residential retail customer pays a Ratepayer $3.45 or less for 1,000 gallons of water due to the wholesale rates that Corsicana charges the Ratepayers, while Corsicana's own average retail customer pays Corsicana $5.43 per 1,000 gallons of water. The ALJ concludes that this comparison does not indicate Corsicana's abuse of monopoly power. [11]

Ratepayers argued to the Commission that it had to consider if there was a disparate impact of the rate charged to the City's retail customers in comparison to the wholesale rate charged to the Ratepayers. That argument was rooted in "discrimination" language in the preamble to the rule, which the ALJ concluded Ratepayers were misconstruing. Corsicana's position on the preamble was, taken in context, that language did not support consideration of the disparate impact of a rate change on retail versus wholesale customers, and the ALJ, Commission, and this Court agreed. Appellants are now attempting to reframe their "discrimination"

---

[11] Appellee City of Corsicana's Brief (Jun. 6, 2014), Appendix C, Proposal for Decision at 69.

argument by claiming that the Commission erred by not considering discrimination *at all* because the Commission's Findings of Fact which compare the rates charged to the Seller's and Purchaser's retail customers under § 291.133(a)(3)(H), do not contain the word "discrimination." As explained above, this subsection of the rule which suggests a comparison of retail rates is one factor that may be considered as evidence of abuse of monopoly power, informed the terms used in the Findings of Fact and Conclusions of Law. Appellants have had their hearing on the claim of discrimination under § 291.133(a)(3)(H), in which all of the evidence that they offered was admitted. Contrary to their contention, the evidence proffered by Ratepayers was considered but that evidence was found neither persuasive nor relevant under §291.133(a)(3)(H). The Court's opinion correctly summarizes this point: "However, the Commission did not conclude that rate discrimination was irrelevant; instead it decided that comparing the disparate impact of a rate on wholesale versus retail customers was not a proper consideration for determining rate discrimination."[12] Appellants' argument on this issue mischaracterizes the facts, as well as the Commission's correct application of its rule and the law to the facts, and this Court should deny the Motion for Rehearing on this basis.

---

[12] Slip Opinion at 19.

## III. This Court's opinion should not be modified with respect to its discussion of the Corsicana mayor's comments.

Ratepayers' third and final basis for seeking rehearing and then reversal and remand, concerns the Court's discussion of a comment attributed to Corsicana's mayor, which Appellants' argue evidenced Corsicana's intent to discriminate against wholesale purchasers.[13] The Court discusses why the mayor's individual mental process and motive is irrelevant to the legislative act of Corsicana's city council in setting the rates which were protested by Ratepayers.[14] Appellants seek rehearing in order to have the Court "clarify" what "irrelevant" means, suggesting that this Court should opine on the admissibility of evidence of communications by a governmental entity.

However, the evidence concerning the Mayor's comments was admitted into evidence by the SOAH ALJ, and therefore there is no need for this Court to offer the advisory opinion requested by Appellants. The evidence concerning the Mayor's statement was admitted through the testimony of three of Appellants' witnesses,[15] over the objection of Corsicana.[16] The Court's opinion correctly states

---

[13] Appellants' Motion for Rehearing at 8.

[14] Slip Opinion at 18 – 19.

[15] AR Vol 5, Item 57, Testimony of Chris Ivey, NCWR Exhibit J, page 7, ln. 14 – 16, page 18, ln 15 – page 19, ln 4, and page 20, ln 4 – 5;  AR Vol. 5, Item 48, Testimony of James Metcalfe, NCWR Exhibit A, page 21, ln. 20 – page 22, ln. 8; and AR Vol. 5, Item 58, Testimony of Jack Stowe, NCWR Exhibit Contract, page 7, ln. 7-13.

[16] Corsicana's objections, AR Vol 3, Item 42 (CD #1), file .pdf40, pages 2-5.  The ALJ's overruling of Corsicana's objections occurred at the March 24, 2011 prehearing conference (AR Vol 11, Item 113, CD #3).

the law applicable to the evidence concerning the Mayor's comment, that evidence was admitted into the record at the hearing, and the Court need not provide clarification on the admissibility of the evidence because that is not a matter in dispute.

## CONCLUSION AND PRAYER

For the reasons set out in this Reply, Corsicana requests this Court deny Appellants Motion for Rehearing.[17]

Respectfully Submitted,

*/s/ J. Kay Trostle*
J. Kay Trostle
State Bar No. 20238300

**SMITH TROSTLE & HUERTA LLP**
4401 Westgate Blvd., Suite 330
Austin, Texas 78745
(512) 494-9500 (Telephone)
(512) 494-9505 (Facsimile)
ktrostle@smithtrostle.com

**ATTORNEYS FOR APPELLEE,
CITY OF CORSICANA**

---

[17] As Appellants note in the Conclusion and Prayer of their Motion for Rehearing, jurisdiction over the underlying administrative petition was transferred to the Public Utility Commission effective September 1, 2014. The Public Utility Commission adopted the Public Interest rules of the TCEQ, under which the administrative case was processed, without substantive change.

**CERTIFICATE OF COMPLIANCE**

I certify in accordance with Texas Rule of Appellate Procedure 9(i)(3) that this document was produced on a computer using Microsoft Word 2007 and contains 2177 words, as determined by the computer software's word-count function.

/s/ J. Kay Trostle
J. Kay Trostle

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th of August 2015, the foregoing document was served on each person listed below by the method shown.

Paul M. Terrill III
The Terrill Firm, P.C.
810 W. 10th St.
Austin, Texas 78701
*Attorneys for Ratepayers, Plaintiffs*
**Via E-service**

Cynthia Woelk
Assistant Attorney General
Environmental Protection Division
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
*Attorneys for Texas Commission on*
*Environmental Quality, its Commissioners,*
*Bryan Shaw, Carlos Rubenstein and Toby Baker,*
*and its Executive Director, Zachary Covar*
**Via 1st Class Mail and E-mail**

/s/ J. Kay Trostle
J. Kay Trostle